PER CURIAM.
Maria Jeanne Tremblay, Guardian for Lyne Tremblay, who was plaintiff below, appeals an adverse summary judgment. We affirm.
Appellee South Florida Water Management District, defendant below, maintains the Snake Creek Canal as part of the district’s water management system. Pursuant to legislative policy, the waterways of the system, including the Snake Creek Canal, are made available to the public for recreational purposes. See §§ 373.-016(2)(h), 373.139(4), Fla.Stat. (1989). The district has built, and maintains, a boat launching facility on the canal which serves the public, as well as district employees.
The present litigation arose out of an accident which occurred on the canal. *1220 Lyne Tremblay was riding in an inner tube pulled by a motorboat on the canal, which had been launched at the boat launching facility. Ms. Tremblay’s companions, who were driving the boat, were experienced boaters and for purposes of the summary judgment motion are deemed to have been operating their boat non-negligently. Ms. Tremblay was somewhat inexperienced in riding an inner tube in a boat wake. As the boat turned, the inner tube strayed outside the wake and carried Ms. Tremblay into shallow water. She was thrown from the tube and her head struck one of a number of cement blocks lying two or three inches below the surface of the shallow water near the shore.
Ms. Tremblay brought suit against the district for negligence.[1] Ms. Tremblay argued that the district should have known of the concrete blocks,[2] and should have taken some remedial measures, such as prohibiting high-speed boating or posting a warning at the launching facility that no inspections of the area were being performed.
We conclude that the summary judgment was correctly entered. As said in Savig-nac v. Department of Transportation, 406 So.2d 1143 (Fla. 2d DCA 1981), “a property owner generally cannot be held liable for dangerous conditions which exist in natural or artificial bodies of water unless they are so constructed as to constitute a trap or unless there is some unusual nature not generally existent in similar bodies of water.” Id. at 1146 (citations omitted); accord Saga Bay Property Owners’ Ass'n v. Askew, 513 So.2d 691, 693 (Fla. 3d DCA 1987). As acknowledged by the opinion in Saga Bay, the accumulation of debris near the edges of waterways, is a common phenomenon, 513 So.2d at 693-94, and the circumstances present here cannot be said to constitute an “unusual nature not generally existent in similar bodies of water.” 406 So.2d at 1146. We therefore affirm the summary judgment.

. Claims were also brought against other defendants, which are not before us.

. There is no contention that the district had actual knowledge of the concrete blocks.