STEVENSON, Judge.
While attending a family outing at the Belle Glade Marina, a recreational facility owned and operated by the City of Belle Glade, Brack Whitaker injured his elbow when he dove into a canal to rescue two people whose boat had capsized. Whitaker filed a personal injury action against the city and the marina claiming that he was injured when he collided with a submerged foreign object believed to be concrete construction debris. The canal (Lake Okeechobee, east side), abutted the campsites at the marina. Whitaker acknowledged that the canal was owned by the South Florida Water Management District, but alleged that the City maintained and controlled the canal and knew that the marina guests used the area for boating and swimming in connection with their enjoyment of the campground facilities. Whitaker argues that the city had a duty to warn its guests and invitees of the danger posed by the submerged objects. Citing Tremblay v. S. Fla. Water Mgmt. Dist, 560 So.2d 1219 (Fla. 3d DCA), rev. denied, 576 So.2d 294 (Fla.1990), as its sole authority, the trial court entered final summary judgment in favor of the City Belle Glade and the City of Belle Glade Marina. We reverse.
In Tremblay, the plaintiff was thrown from an inner tube pulled by a motorboat in a canal and struck her head on some cement blocks lying two to three inches below the surface. The trial court entered summary judgment in favor of the defendants. The Third District affirmed, relying on the well recognized common law rule that a property owner will not be held liable for dangerous conditions which exist in natural or artificial bodies of water unless the conditions constitute a trap or are of such an unusual nature that one would not generally find the same or similar conditions in like bodies of water. See also Saga Bay Property Owners Ass’n v. Askew, 513 So.2d 691, 693 (Fla. 3d DCA 1987), rev. denied 525 So.2d 876 (Fla.1988), and cases cited therein; Savignac v. Department of Transp., 406 So.2d 1143 (Fla. 2d DCA 1981), rev. denied, 413 So.2d 875 (Fla. 1982).
While we agree with the holding and legal analysis in Tremblay, the facts in the present case are different. We believe that the location, type and nature of the debris in each case must be considered in order to determine whether its presence in a particular body of water constitutes a trap or is a common phenomenon generally existent in similar bodies of water. If the answers to those questions are no and yes, respectively, there can be no liability. Here, the record contains evidence that the debris in question consisted of concrete parking posts, rebar and other construction material and was dumped into the canal either at the direction of, or at least with the knowledge of the city. In addition, there was evidence that the concrete rebar and construction debris were *188 concealed and hidden from view within the high maiden cane found growing along the shore of the canal. In view of these allegations, which have some support in the record, we cannot conclude that the defendants are entitled to judgment as a matter of law.
REVERSED AND REMANDED.
DELL, C.J., and HERSEY, J., concur.