369 So.2d 1023 (1979)
Myrtle BALL, Appellant,
v.
Thomas ATES and Hartford Insurance Company, Appellees.
No. LL-151.
District Court of Appeal of Florida, First District.
April 24, 1979.
*1024 James A. Hightower of Levin, Warfield, Middlebrooks, Mabie, Rosenbloum & Magie, P.A., Pensacola, for appellant.
Philip D. Beall of Beall, Lindsay & Lindsay, P.A., Pensacola, for appellee.
MELVIN, Judge.
Myrtle Ball fell and injured herself while working for Thomas Ates. Upon a suit against Ates and his insurer, Hartford Insurance Company, the jury verdict found Ates to be five percent negligent. The trial court subsequently entered a judgment in accordance with the motion for directed verdict by the defendants and Ball appeals. We affirm.
The evidence shows that Ball was injured when she slipped and fell as she attempted to step over a puddle as she was going out to feed Ates' dogs. She testified that the water had been standing in that same place for at least a day, that she knew it was there, and that feeding the dogs had become one of her regular tasks. Under these circumstances we agree with the trial court that there was no showing of negligence on the part of Ates. The risk Ball encountered was an ordinary risk, not an unusual one, and she had knowledge of it equal or superior to that of Ates. In Vermont Mutual Insurance Company v. Conway, 358 So.2d 123 (Fla.1st DCA 1978), we reversed the trial court's denial of a directed verdict where a painter placed his ladder on a driveway which he knew had been recently hosed down and then sued the property owner for the injuries suffered when the ladder slipped. In the instant case as in Vermont Mutual the rule is that a defendant's knowledge of danger must be superior to that of a business invitee in order to create a duty to warn of dangers unknown to the plaintiff.
AFFIRMED.
McCORD, C.J., and LARRY G. SMITH, J., concur.