453 So.2d 139 (1984)
Pfilip G. HUNT, Jr., Appellant,
v.
SLIPPERY DIP OF JACKSONVILLE, INC., Appellee.
No. AU-325.
District Court of Appeal of Florida, First District.
July 13, 1984.
Douglas H. Morford of Ulmer, Murchison, Ashby, Taylor & Corrigan, Jacksonville, for appellant.
William T. Stone of Cowles, Coker, Myers, Schickel & Pierce, Jacksonville, for appellee.
PER CURIAM.
This is an appeal from a summary final judgment in favor of appellee, Slippery Dip of Jacksonville, Inc., in a negligence action. We affirm.
The appellant was injured at a water slide operated by the appellee. The appellant, who was 18 years old at the time of the injury, was attempting to "jump the wall," which consisted of crossing over a concrete wall that separated two adjoining troughs. Before the appellant's accident, he had been down the slide 20 to 25 times that day (usually attempting to "jump the wall" in tandem with his girlfriend, who successfully completed the maneuver while appellant did not) and had used the same slide on two previous occasions. The trial judge entered the summary final judgment against the appellant upon the authority of Vermont Mutual Insurance Company v. Conway, 358 So.2d 123 (Fla. 1st DCA 1978), and Ball v. Ates, 369 So.2d 1023 (Fla. 1st DCA 1979). We agree with the trial judge. The applicable rule in those cases is that a defendant's knowledge of a danger must be superior to that of a business invitee in order to create a duty on the part of the defendant to warn. In the instant case, the record shows that the knowledge of the appellant/invitee of the risk involved in using the water slide was at least equal to that of the appellee. Furthermore, the record indicates that the slide was designed to allow jumping the wall, and there was no *140 evidence of a latent or hidden defect in the slide.
AFFIRMED.
BOOTH, SMITH and SHIVERS, JJ., concur.