489 So.2d 65 (1986)
Martin Jeffrey LYNCH, Appellant,
v.
Alice Clapp BROWN, Appellee.
No. BE-338.
District Court of Appeal of Florida, First District.
April 9, 1986.
On Motion for Rehearing June 4, 1986.
Patrick H. Perry, of Avera, Berstein & Perry, Gainesville, for appellant.
Marilyn R. McLean, of Jones & Carter, P.A., Gainesville, for appellee.
ZEHMER, Judge.
Martin Jeffrey Lynch, plaintiff below, appeals from a final summary judgment in favor of Alice Clapp Brown, defendant below. Lynch sought recovery for injuries sustained when he allegedly fell from an outside staircase landing while visiting a friend's apartment in a building owned by Brown. We reverse and remand for trial.
Brown argues that, as a matter of law, Lynch was a licensee and, therefore, Brown's duty was limited to not intentionally exposing him to harm and to warning him of known dangers not open to ordinary observation, citing Wood v. Camp, 284 So.2d 691 (Fla. 1973). Since Lynch admitted in his affidavit that he had been told the stairs were dangerous, Brown argues she did not breach any duty to appellant.
*66 We cannot accept Brown's argument that Wood v. Camp, 284 So.2d 691, inflexibly fixes the status of a tenant's guest as a mere licensee as to owner of the premises. Wood stated, in dictum, only that a social guest in an area in which the guest was not invited, nor where one would customarily go, is a licensee. In the instant case, it was not established as a matter of law that Lynch was a licensee. The record contains evidence that Lynch was invited by the tenant to come on the premises, and invited social guests of tenants are generally classified as invitees of the owner of the premises. See, e.g., Berlin v. Southgate Corp., 142 So.2d 362, (Fla. 3d DCA 1962); 41 Fla.Jur.2d, Premises Liability, § 8 (1983). Under the circumstances, Lynch's status was that of an invitee unless competent evidence is presented to dispute that Lynch was invited by the tenant, in which case his status would be a disputed question of fact. Wood v. Camp, 284 So.2d 695, 696.
There is also a factual question, which precludes summary judgment, as to the extent of Lynch's knowledge and appreciation of the dangerous condition. Brown contends that, even if Lynch was an invitee, her only duty was to warn of the dangerous condition; and since Lynch knew of the condition, that duty was satisfied. But this argument does not recognize that a landowner owes an invitee alternative duties: one, the duty to use ordinary care in keeping the premises in a reasonably safe condition, and, two, the duty to give notice or warning of any latent perils known or which should be known to the owner, but which are not known to the invitee. See, e.g., Hylazewski v. Wet `N Wild, Inc., 432 So.2d 1371 (Fla. 5th DCA 1983). We agree with Heath v. First Baptist Church, 341 So.2d 265 (Fla. 2d DCA 1967) that in some circumstances the landowner's duty extends beyond mere warning or, as in this case, knowledge by the plaintiff of a dangerous condition. The rule concerning liability for condition and use of land provides:
Known or obvious dangers,
(1) A possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness. [Emphasis added.]
Restatement (Second) of Torts, § 343A.
Brown's duty to warn under the circumstances was not negated as a matter of law by imputing knowledge to Lynch or implying that Lynch had to know of the dangerous conditions alleged in the complaint. The record contains evidence that the lighting at the stairway and balcony was deficient and did not meet building code requirements; hence, it cannot be inferred as a matter of law that Lynch visually perceived the alleged dangerous conditions of the stairway or of the balcony. Whether Lynch perceived the dangerous conditions complained of, even though he might well have seen them had he looked, has traditionally been a question of fact for the jury, rather than a question of law for the court. See, e.g., Berlin v. Southgate Corp, 142 So.2d 362. Even though Lynch stated in his deposition that someone had told him on a prior occasion that the stairway was unsafe because it tended to sway and that the landlord had been told of this problem, such testimony is not sufficient to establish, as a matter of law, plaintiff's knowledge of all alleged defective conditions. Given the evidence in the record that not only the staircase, but also the landing, did not meet applicable building code requirements relating to the railing height and other design criteria for safety, and that the lighting was deficient and did not meet the building code, the circumstances surrounding plaintiff's fall from the landing on this rainy night leave open genuine issues of fact as to whether Brown breached the duty of care to maintain the premises in a reasonably safe condition and negligently *67 failed to give adequate warning of a dangerous condition.[1]
Since the extent of Lynch's knowledge of the condition and appreciation of the danger is unclear, in these circumstances the trial court could only have characterized his knowledge as comparative negligence in the nature of assumption of risk. Whether Lynch in fact had superior knowledge is a question for the jury, Bennett v. Mattison, 382 So.2d 873 (Fla. 1st DCA 1980), and a plaintiff's knowledge of a dangerous condition does not negate a defendant's potential liability for negligently permitting the dangerous condition to exist; it simply raises the issue of comparative negligence and precludes summary judgment. Taylor v. Tolbert Enterprises, Inc., 439 So.2d 991 (Fla. 1st DCA 1983).
REVERSED AND REMANDED.
NIMMONS, J., concurs in result with written opinion.
BOOTH, C.J., dissents with written opinion.
NIMMONS, J., concurring in result.
I concur in the result only. I agree with the court's opinion that a jury question was presented on Lynch's status as an invitee versus licensee. See Medina v. 187th Street Apartment, Ltd., 405 So.2d 485 (Fla. 3d DCA 1981); Manassa v. New Hampshire Insurance Company, 332 So.2d 34 (Fla. 1st DCA 1976).
I disagree, however, with the court's opinion that a genuine issue of material fact existed with respect to the question of Brown's liability under that theory which imposes liability predicated upon the duty to give notice or warning of concealed perils which are or should be known to the landowner and which are unknown to the invitee and cannot be discovered by him through the exercise of due care. See Cassel v. Price, 396 So.2d 258, 264 (Fla. 1st DCA 1981). The alleged deficiencies in the balcony were not concealed.[1] It is well established that a prerequisite to the imposition upon the landowner of a duty to warn is that the defendant's knowledge of the danger must be superior to that of the invitee. E.g., Hunt v. Slippery Dip of Jacksonville, Inc., 453 So.2d 139 (Fla. 1st DCA 1984).
I concur, however, with the majority's conclusion that there was a genuine issue of material fact with respect to the plaintiff's alternative theory which imposes liability predicated upon the duty to use reasonable care in maintaining the premises in a reasonably safe condition and that the trial court, therefore, erred in granting summary judgment.
BOOTH, Chief Judge, dissenting.
We should affirm the summary judgment entered below. Only by the pyramiding of inferences on inferences would a jury be able to award damages to the plaintiff in this case. Commercial Credit Corporation v. Varn, 108 So.2d 638 (Fla. 1st DCA 1959); Bates v. Winn-Dixie Supermarkets, Inc., 182 So.2d 309 (Fla. 2d DCA 1966).

ON MOTION FOR REHEARING
PER CURIAM.
Apparently feeling led to do so as a result of Judge Booth's dissenting opinion, *68 the appellee raises for the first time in her motion for rehearing arguments concerning lack of evidence of causation of the plaintiff's fall and the alleged consequent violation of the "inference on inference" rule.
The appellee suggests on rehearing that it is just as reasonable to infer from the plaintiff's fall that the plaintiff jumped or was pushed from the staircase landing as it was to infer that the fall was accidental.[1] This argument raises interesting and perhaps significant questions which would apparently implicate legal principles referred to in such authorities as 29 Am Jur 2d Evidence, Section 217 (presumption against suicide) and 31A C.J.S. Evidence, Section 135, p. 280 (presumptions against self-inflicted injury and against injury from criminal assault), none of which the appellee has mentioned on her motion for rehearing. Indeed, the motion is devoid of any legal authorities.
Clearly, it would be inappropriate to permit appellee to raise the above issues for the first time on rehearing. Cartee v. Florida Department of Health and Rehabilitative Services, 354 So.2d 81, 83 (Fla. 1st DCA 1978).
MOTION DENIED.
NIMMONS, and ZEHMER, JJ., concur.
BOOTH, C.J., dissents without opinion.
NOTES
[1] Hunt v. Slippery Dip of Jacksonville, Inc., 453 So.2d 139 (Fla. 1st DCA 1984), and Cassel v. Price, 396 So.2d 258 (Fla. 1st DCA 1981), are distinguishable because, unlike the instant case, there was no contention in either case that the landlord's premises were defective and unreasonably dangerous to persons entering the property; rather, each plaintiff's cause of action was predicated upon the contention that the landlord owed a duty to warn persons coming onto the premises of the danger of injury, even though, in one instance, a slide was designed to permit safe use in the manner in which plaintiff was using it when injured, Hunt v. Slippery Dip of Jacksonville, Inc., 453 So.2d at 139-40, and, in the second instance, a child was injured while climbing a tree and fell to the ground, the condition of which did not pose any inherent danger or create any unusual condition not ordinarily found under trees in their natural state, Cassel v. Price, 396 So.2d at 264. In both cases, no dangerous condition or defect existed which would give rise to a duty to warn.
[1] Although the alleged deficiencies in the staircase may have been regarded as concealed, it is apparent that Lynch's fall was from the balcony, not the staircase.
[1] The plaintiff's injuries were apparently so severe that he had no recollection of what caused his fall. However, there was testimony from other witnesses who, although not seeing the plaintiff's fall, provided circumstantial evidence which purported to bear upon the cause of the fall.