GLICKSTEIN, Judge.
This is an appeal from a summary final judgment. We reverse and note that the parking bumper which caused this plaintiff’s injury may have been the same which occasioned the court’s split decision for a subsequently occurring injury in Ackerman v. Florida Federal Sav. & Loan Ass’n, 537 So.2d 687 (Fla. 4th DCA 1989). We say may because the record, as it exists, does not make clear upon which parking bumper appellant fell.
From a photograph, it appears as if the parking bumper is not placed at the center of the parking spot; rather, it is set to the side so that it almost touches the parking stripe. The majority here is of the opinion that maintaining the bumper in this position could constitute negligence. Common experience reveals that customers are not meticulously careful when parking by stores, post offices, banks, theaters, or any other public venue. That the landowner should have maintained its property to provide customers an unimpeded path between parking spaces which have bumpers is a question for the jury.
Furthermore, the normal position for a parking bumper is at the top center of the parking space. Whether it constitutes comparative negligence for the hurried, unfamiliar, or daydreaming occupant of a vehicle to fail to notice a parking bumper shoved to one side, almost to the stripe dividing the spaces, is also a question for the jury. Summary final judgment, on this record, was inappropriate.
ANSTEAD, J., concurs specially with opinion.
WARNER, J., dissents without opinion.