COHEN, J.
Tacrian Goss (“Goss”) appeals from the trial court’s final orders granting summary judgment in favor of Human Services Associates, Inc. (“HSA”) and VisionQuest National, Ltd. (‘VisionQuest”), entered in his negligence actions against the companies for sexual abuse perpetrated on him by Morgan Brown (“Brown”). We affirm in part, reverse in part.
HSA operated Rivendell Youth Ranch (“the Ranch”), a group care facility that provided residential and therapeutic services for children with emotional difficulties in need of foster care placement. In October 2004, HSA entered into a subcontract agreement with VisionQuest, which was superseded by a management and consulting agreement on November 15, 2004.
Under the management and consulting agreement, VisionQuest agreed to send two of its employees to the Ranch to assess HSA’s operation and management of its program. Those VisionQuest employees were required to meet with and make recommendations to HSA management employees based on their assessments. The VisionQuest employees were to operate solely in an advisory capacity and not make any operational or managerial decisions regarding the program. HSA retained sole responsibility for the Ranch and VisionQuest assumed no legal or equitable obligations under HSA’s existing contracts. The contract included a mutual indemnification and hold harmless clause for liabilities incurred by the other. The agreement also specified that the parties were not working as a joint venture or partnership, yet it acknowledged that Visi-onQuest may assume HSA’s position in the program at some point in the future.
Pursuant to the agreement, VisionQuest sent Brown and her husband to the Ranch. Brown, then twenty-four years old, conducted an equestrian program and provided general care and counseling for the children, while her husband acted as Visi-onQuest’s primary supervisor over HSA’s operation. Brown’s job entailed rehabilitating troubled youths by building relationships with them, which allegedly included physical encouragement in the form of hugging and hand-holding. One of the children in her care was Goss, then age fifteen.
Within one month, Brown and Goss’s relationship escalated into a sexual one. The trysts occurred over a period of time at locations on and off the Ranch. On one occasion, in January 2005, Brown drove Goss and another boy away from the Ranch to a hotel, where she stayed overnight with Goss. She returned the boys and after being questioned by law enforcement, admitted to having sexual relations with Goss. The State ultimately charged Brown -with unlawful sexual contact with a minor.
Deposition testimony reveals that reports, rumors, and suspicions about Brown and Goss circulated among Ranch employees prior to the hotel incident. The information reported ranged from Goss having a crush on Brown and the two kissing in a private dressing area, to having sex in an administration building and having an af *130 fair. Some children, and at least one staff employee, were eye-witnesses to these events, and the information was passed on to Ranch supervisors.
The record also demonstrates conflicting evidence regarding which entity — HSA or VisionQuest — was exercising supervisory control of the Ranch. The management and consulting agreement stated Vision-Quest was to act solely in an advisory role, but other evidence indicated that Vision-Quest’s authority exceeded the originally contracted-for capacity. One HSA vice president testified that VisionQuest assumed control in October 2004, and that HSA employees at the Ranch had to report to VisionQuest. Another HSA executive testified that HSA and VisionQuest were involved in a joint effort between November 2004 and January 2005, while a third HSA executive stated that Vision-Quest did not take over the Ranch until mid-2006. In contrast, a VisionQuest executive testified that HSA was operating the Ranch at the time of the incident between Brown and Goss, while another stated that HSA and VisionQuest were jointly managing the Ranch at that time. This confusion was felt by Ranch employees, where at least one employee testified he did not know for which company he worked. Some employees believed they had to report to VisionQuest, while others reported only to HSA supervisors.
As a result of the incident with Brown, Goss filed negligence actions against HSA and VisionQuest. His second amended complaint generally alleged HSA was negligent in supervising its subcontractors and in failing to prevent the harm that occurred. Similarly, he generally alleged Vi-sionQuest was negligent in supervising Brown and was vicariously liable for the actions of its employee.
HSA and VisionQuest filed motions for summary judgment. At the hearing, HSA argued it owed no duty to Goss because it did not employ Brown or otherwise have control over her since HSA delegated the managerial responsibility of the Ranch to VisionQuest. HSA also claimed the sexual abuse was not foreseeable. VisionQuest, in response to the general negligence claim, asserted that the sexual assault was not foreseeable; and as to the vicarious liability claim, argued that the criminal conduct occurred outside the course and scope of employment. After the hearing, the trial court entered summary judgments in favor of HSA and VisionQuest, without specifying the legal grounds.
A trial court’s order granting summary judgment is reviewed de novo. Volusia Cnty. v. Aberdeen at Ormond Beach, L.P., 760 So.2d 126, 130 (Fla.2000). “Summary judgment is proper if there is no genuine issue of material fact and if the moving party is entitled to a judgment as a matter of law.” Id. The movant has the initial burden of demonstrating the nonexistence of any genuine issue of material fact, but once he tenders competent evidence to support his motion, the opposing party must come forward with counter-evidence sufficient to reveal a genuine issue. Olson v. Crowell Plumbing & Heating Co., 48 So.3d 139, 142 (Fla. 5th DCA 2010). A summary judgment is not the proper vehicle for testing whether a plaintiff can actually prove his case; rather, it is designed to test whether the record conclusively shows that the claim cannot be proved as a matter of law. Copeland v. Albertson’s Inc., 947 So.2d 664, 667 (Fla. 2d DCA 2007).
In the present case, the summary judgment cannot be sustained on the basis that no duty was owed to Goss. A facility in charge of sheltering and caring for foster children has, at the very least, a duty to conform to a certain standard of conduct for their protection against unrea *131 sonable risks of harm. See Williams v. Davis, 974 So.2d 1052, 1056 (Fla.2007) (explaining the four elements of a negligence claim); see also Clay Elec. Co-op., Inc. v. Johnson, 873 So.2d 1182, 1186 (Fla.2003) (undertaker’s doctrine). HSA argued to the trial court it owed no duty to Goss because it delegated control over the Ranch to VisionQuest and did not employ Brown. The record, however, reflects conflicting evidence on the question of which entity was in charge of the facility at the time of the incident. Because there is conflicting evidence as to whether HSA had transferred control of the Ranch to VisionQuest, HSA was not entitled to summary judgment based on its argument it owed no duty to Goss. See McCain v. Fla. Power Corp., 593 So.2d 500, 503 (Fla.1992) (“the trial and appellate courts cannot find a lack of duty if a foreseeable zone of risk more likely than not was created by the defendant.”).
There is also evidence in the record to justify a reasonable juror’s conclusion that Goss’s losses were proximately caused by breach of the duty owned to him. The alleged negligence in this case consists of permitting an employee, or in the case of HSA, the employee of a subcontractor, access to a child, while the employer or contractor knew or should have known that access by the employee presented an unreasonable risk of harm to the child. See generally Storm v. Town of Ponce Inlet, 866 So.2d 713, 716-17 (Fla. 5th DCA 2004) (negligent supervision and retention). Proximate cause is concerned with whether and to what extent defendant’s conduct was foreseeable and substantially caused the specific injury that actually occurred. McCain, 593 So.2d at 502. Both HSA and VisionQuest argued to the trial court they were not negligent because Brown’s criminal actions were unforeseeable, rendering their liability absolved as a matter of law.
The record contains evidence, however, from which a jury could conclude that HSA or VisionQuest knew or should have known of Brown’s inappropriate relationship with Goss as it took place. The jury would be entitled to attribute this knowledge to whichever entity it found to be in charge of the Ranch. Moreover, the evidence would permit the jury to find that the sexual assault by Brown was a foreseeable consequence of the entity-in-charge’s negligence in failing to take reasonable steps to protect Goss from harm. See Hardy v. Pier 99 Motor Inn, 664 So.2d 1095, 1097 (Fla. 1st DCA 1995) (determining injurious conduct of third party is foreseeable if hotel operator knew of danger and had opportunity to protect against it); see also Merrill Crossings Assocs. v. McDonald, 705 So.2d 560, 562-63 (Fla.1997) (recognizing that negligent tortfeasors cannot reduce liability by shifting it to an intentional tortfeasor whose intentional criminal conduct was a foreseeable result of their negligence); Niece v. Elmview Group Home, 131 Wash.2d 39, 929 P.2d 420 (1997) (holding sexual assault of resident by employee of group home is not legally unforeseeable as long as it was within field of danger which should have been anticipated). Because reasonable people could differ as to whether Brown’s criminal acts were foreseeable in light of notice of her inappropriate relationship with Goss, the proximate cause issue must be resolved by the jury.
We do, however, affirm entry of summary judgment on the vicarious liability claim brought against VisionQuest. Vicarious liability is not based on the negligence of the employer, but rather the negligence of the employee imputed to the employer. Am. Home Assurance Co. v. Nat’l R.R. Passenger Corp., 908 So.2d 459, *132 468 (Fla.2005). “The general rule is that an employer cannot be held liable for the tortious or criminal acts of an employee, unless they were committed during the course of the employment and to further a purpose or interest, however excessive or misguided, of the employer.” Nazareth v. Herndon Ambulance Serv., Inc., 467 So.2d 1076, 1078 (Fla. 5th DCA 1985). The question of whether an employee is acting within the course and scope of employment, where the facts are not in dispute, is that of law. Saullo v. Douglas, 957 So.2d 80, 86 (Fla. 5th DCA 2007).
VisionQuest sought summary judgment as to this claim on the basis that Brown’s criminal acts were committed outside the course and scope of her employment. The conduct of an employee is considered within the course and scope of employment when it (1) is of the kind the employee is hired to perform, (2) occurs substantially within the time and space limits authorized or required by the work to be performed, and (3) is activated at least in part by a purpose to serve the master. Sussman v. Fla. E. Coast Props., Inc., 557 So.2d 74, 75-76 (Fla. 3d DCA 1990). Sexual assaults and batteries committed by employees are generally “held to be outside the scope of an employee’s employment and, therefore, insufficient to impose vicarious liability on the employer.” Nazareth, 467 So.2d at 1078. An exception exists when the employee purported to act on behalf of the employer or when the employee was aided by the agency relationship. Id.
Here, despite the fact that at least one of the sexual assaults occurred at Brown’s place of work, the sexual assault was not within the course and scope of her employment because the act was not in furtherance of her employment with VisionQuest. See Iglesia Cristiana La Casa Del Senor, Inc. v. L.M., 783 So.2d 353, 358 (Fla. 3d DCA 2001) (holding pastor’s criminal conduct was independent, self-serving act and did not occur within course and scope of employment); Agriturf Mgmt., Inc. v. Roe, 656 So.2d 954, 955 (Fla. 2d DCA 1995) (finding employee’s acts of cleaning and putting away equipment occurred within course and scope, but not sexual abuse). Brown’s job duties entailed working with the equestrian program and counseling; the sexual assault was not committed for any therapeutic purpose. In fact, Brown actively concealed the affair because she knew that it was conducted only to satisfy her carnal desires and not in furtherance of her duties under Vision-Quest. We find Brown’s sexual assault of Goss was outside the course and scope of her employment. Additionally, we find Brown was not aided by the agency relationship and, thus, VisionQuest cannot be held vicariously liable.
We reverse the trial court’s orders granting summary judgment on Goss’s negligence claims against HSA and Vision-Quest. We affirm the trial court’s order granting summary judgment on Goss’s vicarious liability claim against VisionQuest.
AFFIRMED IN PART; REVERSED IN PART; and REMANDED.
ORFINGER, C.J. and EVANDER, J., concur.