ROWE, J.
Appellants, Charles and Gudrun Ramsey, challenge the trial court’s grant of summary judgment in favor of Appellees, Home Depot and John Newbern. Because the Ramseys failed to show that there were genuine issues of material fact in dispute, we affirm the final order on appeal.

*416
I. Factual Background

Gudrun Ramsey was a customer at Home Depot and parked her car in one of the designated accessible parking spaces. On her way back to the car, she tripped over a wheel stop at the front of the parking space where her car was located. As a result of the fall, Mrs. Ramsey was physically injured and she incurred medical expenses. The Ramseys filed a negligence action against Home Depot, alleging that Home Depot owed Mrs. Ramsey a duty to exercise reasonable care to maintain the premises in a reasonably safe condition and a duty to warn of any dangerous, hazardous, and unsafe conditions which existed on the property. The Ram-seys alleged that the wheel stop was a dangerous and hazardous condition. Home Depot moved 'for summáry judgment, arguing that, as a matter of law, it had no duty to warn Mrs. Ramsey as the wheel stop was an open and obvious danger and that there were no disputed issues of material fact as to whether Home Depot maintained the premises in a reasonably safe condition.
In support of its motion for summary judgment, Home Depot submitted the affidavit of Rowland Lamb, a professional engineer, who described the accessible parking spaces as being twelve feet wide and twenty feet long. He averred that the spaces had six-foot wheel stops located in the center of the parking space and a posted accessibility sign mounted in a concrete bollard. He opined that the accessible parking spaces met the requirements of the Americans with Disabilities Act, the Florida Building Code, and the Escambia County Land Development Code. Home Depot also submitted the testimony of Bruce Talvey, a construction manager for Home Depot, who averred that the purpose of the bollards was to prevent the accessibility signs from being easily bent. He asserted that the bollards were not designed to prevent cars from entering the pedestrian walkway between the rows of accessible parking spaces.
The Ramseys relied on their expert’s affidavit and Mrs. Ramsey’s deposition to oppose the motion for summary judgment. Mrs. Ramsey testified that the accident occurred between 9:00 and 10:00 a.m., on a clear, sunny day. She testified that as she left the store, she was carrying her purchases, her purse, and her car keys. She testified that she tried to walk around the car, but she was focused on the accessibility sign and did not see the wheel stop because it was the same color as the parking lot. She testified that her left foot caught on the wheel stop, causing her to fall.
James Anderson, a professional engineer, averred that Home Depot could have used shorter wheel stops to eliminate the risk of tripping. He opined that the placement of wheel stops in an area for disabled patrons made them inherently dangerous because they created a barrier to a flat, even walking surface. Mr. Anderson asserted that a reasonable alternative design was available that completely eliminated the wheel stops and only used concrete bollards to protect the pedestrians in the walkway. After reviewing the evidence and hearing the arguments of the parties, the trial court granted Home Depot’s motion for summary judgment and entered final judgment in its favor. This appeal follows.

II. Analysis

We review the trial court’s ruling on the summary judgment motion de novo. Mills v. State Farm, Mut. Auto. Ins. Co., 27 So.3d 95, 96 (Fla. 1st DCA 2009). “[Summary judgment should be entered only when there is no genuine issue of any material fact, and even the slightest doubt as to the existence of such a question *417 precludes summary judgment.” Laidlaw v. Krystal Co., 53 So.3d 1128, 1129 (Fla. 1st DCA 2011).
In order for the Ramseys’ negligence claim to survive summary judgment, they were required to offer evidence tending to show that Home Depot either: (1) failed to warn Mrs. Ramsey of a concealed' danger which was or should have been known to Home Depot and which was unknown to Mrs. Ramsey and could not be discovered through the exercise of due care; or (2) failed to use ordinary care to maintain its premises in a reasonably safe condition. Rocamonde v. Marshalls of Ma., Inc., 56 So.3d 863, 865 (Fla. 3d DCA 2011).

a. Open and Obvious Hazard

With respect to the first prong of the negligence test, the trial court properly determined that the Ramseys’ claim that Home Depot failed to warn of a concealed condition was barred as a matter of law. The Ramseys’ claim fails as a matter of law because the wheel stop over which Mrs. Ramsey tripped was not concealed, but instead was an open and obvious condition. Although a property owner has a duty to maintain its premises in a reasonably safe manner for its invitees, there is no duty to warn against an open and obvious condition which is not inherently dangerous. Aaron v. Palatka Mall, L.L.C., 908 So.2d 574, 576-77 (Fla. 5th DCA 2005).
Generally, á wheel stop placed in the center of a parking space and clearly visible presents no unreasonable risk of harm. See Aaron v. Logro Corp., 226 So.2d 8 (Fla. 3d DCA 1969), review denied, 238 So.2d 422 (Fla.1970). Here, Mrs. Ramsey tripped over a concrete wheel stop in the parking lot of her local Home Depot. Mrs. Ramsey testified that the accident occurred in the morning on a clear and sunny day. The wheel stop was located at the top of the parking space and was centered within the parking stripes. The bright yellow concrete bollard holding the accessibility sign was located above the wheel stop in the parking space and was centered on the wheel stop. The wheel stop was made of concrete and the parking lot was made of asphalt. There were no allegations that the wheel stop or the concrete bollard were not properly maintained or that either suffered from design defects.
This was not a situation where the wheel stop was located in a fire lane next to the sidewalk, Bryant v. Lucky Stores, Inc., 577 So.2d 1347 (Fla. 2d DCA 1990), or a situation where the wheel stop was not centered between the parking stripes. Ricciardelli v. Fla. Fed. Sav. & Loan Ass’n, 564 So.2d 620 (Fla. 4th DCA 1990). Furthermore, Mrs. Ramsey’s accident did not occur on a rainy night with insufficient lighting. Palatka Mall, 908 So.2d at 579. Rather, taking into consideration all of the facts and circumstances surrounding the accident, it is apparent that this particular wheel stop was an open and obvious condition. See Westchester Exxon v. Valdes, 524 So.2d 452, 455 (Fla. 3d DCA 1988) (“An owner or occupier of a place of business is not an insurer of his customers’ safety; rather, he owes his customers only a duty to protect against those risks which are reasonably foreseeable.”). The wheel stop would have been readily observable to patrons employing their own senses. Krol v. City of Orlando, 778 So.2d 490, 493 (Fla. 5th DCA 2001). Here, Mrs. Ramsey admitted that at the time of the accident, she was not looking where she was walking, but instead was looking at the accessibility sign when she tripped over the wheel stop and fell. The fact that Mrs. Ramsey did not see the wheel stop does not render the wheel stop a dangerous condition, let alone one that was not open and obvious. City of Melbourne v. Dunn, 841 So.2d 504, 505 (Fla. 5th DCA 2003). For these reasons, we find, that the trial court correctly deter *418 mined that the wheel stop was an open and obvious condition.

b. Duty to Maintain the Premises in a Reasonably Safe Condition

Our analysis does not end with the determination that the condition was open and obvious. The trial court correctly concluded that the Ramseys failed to raise a genuine issue of material fact as to whether Home Depot complied with its duty to maintain the premises in a reasonably safe condition.
In support of its motion, Home Depot made a prima facie showing of entitlement to summary judgment by submitting photographic evidence of the condition of the parking lot, demonstrating that the wheel stops were not inherently dangerous, and by offering expert testimony to establish that the wheel stops were in compliance with the Americans with Disabilities Act, as well as state and local building codes. Further, Home Depot offered its expert’s affidavit citing the ADA Standards for Accessible Design, which depict the use of wheel stops in accessible parking spaces.
In opposition to Home Depot’s motion, the Ramseys’ expert, Mr. Anderson, averred that (1) Home Depot could have used five-foot instead of six-foot wheel stops; (2) that the use of wheel stops and concrete bollards in the accessible spaces was “redundant;” (3) that safer designs were available for the accessible spaces that completely eliminated the use of wheel stops; and (4) that the use of wheel stops in an accessible space does not provide a flat, even walking surface for disabled patrons.
Although the Ramseys argue that the affidavit of Mr. Anderson created a factual dispute as to this issue, viewing Mr. Anderson’s affidavit in the light most favorable to the Ramseys, we conclude that Mr. Anderson’s averments concerning alternate parking lot designs were insufficient to create a genuine issue of material fact as to Home Depot’s duty to conform to any of those designs. See Land Dev. Servs., Inc. v. Gulf View Townhomes, LLC, 75 So.3d 865, 870 (Fla. 2d DCA 2011) (holding that a bare assertion in an affidavit without any supporting facts or documents was nothing more than a factual conclusion); Heitmeyer v. Sasser, 664 So.2d 358 (Fla. 4th DCA 1995) (holding that an expert’s affidavit was conelusory because it did not provide any reasoning to support the expert’s conclusions); Stolzenberg v. Forte Towers South, Inc., 430 So.2d 558, 559 (Fla. 3d DCA 1983) (holding that an affidavit was insufficient as containing “mere conclusions” because the affidavit did not indicate the source of the affiant’s knowledge). Mr. Anderson attested only to his own personal preferences rather than to the requirements of any law, code, regulation, or recognized industry safety standard; his unsupported opinion did not establish that Home Depot failed to maintain the accessible parking space in a reasonably safe manner or that the parking space design was in any way defective; and he offered only generalized, coneluso-ry opinions that the wheel stops in Home Depot’s parking lot created a dangerous condition. Conelusory, general assertions do not create factual disputes necessary to avoid summary judgment. K.E.L. Title Ins. Agency, Inc. v. CIT Tech. Fin. Servs., Inc., 58 So.3d 369, 369 (Fla. 5th DCA 2011); Valenzuela v. GlobeGround N. Am., LLC, 18 So.3d 17, 25 (Fla. 3d DCA 2009).
Because the Ramseys failed to come forward with any evidence that Home Depot failed to use ordinary care to maintain the accessible parking area in a reasonably safe condition, we conclude that trial court correctly determined that no genuine issues of material fact existed as to this prong of the negligence test.

*419
III. Conclusion

The trial court properly granted summary judgment to Home Depot in this negligence case because the Ramseys failed to establish that Home Depot had a duty to warn of the presence of a wheel stop that was located in an open and obvious place and because the conclusory allegations in Mr. Anderson’s affidavit were insufficient to create a disputed issue of material fact as to whether Home Depot maintained its premises in a reasonably safe condition. We, therefore, AFFIRM the final order on appeal.
THOMAS and CLARK, JJ., concur.