NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

CYNTHIA COOK,                              )
                                           )
              Appellant,                   )
                                           )
v.                                         )        Case No. 2D14-2392
                                           )
BAY AREA RENAISSANCE FESTIVAL              )
OF LARGO, INC., a foreign corporation,     )
                                           )
              Appellee.                    )
_____   )

Opinion filed May 8, 2015.

Appeal from the Circuit Court for
Hillsborough County; Martha J. Cook,
Judge.

David M. Bulluck of Bulluck Law Group,
Temple Terrace, for Appellant.

Mark D. Tinker and Charles W. Hall of
Banker Lopez Gassler P.A., St. Petersburg,
for Appellee.


VILLANTI, Chief Judge.

          Cynthia Cook appeals an order granting summary judgment in favor of

Bay Area Renaissance Festival.  Because a genuine issue of material fact exists as to

whether Bay Area was exercising control of the area in which Cook was injured and because the foreseeability of the accident in this case was a jury question, we reverse.

Upon her arrival at a renaissance festival hosted by Bay Area, Cook was directed by festival volunteers to park in an overflow parking lot. There was an unpaved walkway on a patch of city-owned land between the festival grounds and this overflow lot. Between the unpaved walkway and the entrance to the festival, a police officer directed traffic and helped attendees cross the road. After attending the festival and while on her way back to the overflow lot, Cook tripped on an exposed pipe on the unpaved walkway, cutting her foot. There was nothing obstructing Cook's view of the exposed pipe, and other attendees, including her husband, had attempted to warn Cook of the pipe immediately before she was injured. Following this mishap, and without seeking permission from the landowner, a Bay Area employee removed the pipe.

Cook filed suit, alleging Bay Area was negligent in not maintaining the property in a safe condition. During depositions of Cook and her husband, there was conflicting testimony concerning whether a volunteer at the festival directed them to use the unpaved walkway. Bay Area moved for summary judgment, arguing that there was no proof that it had control over the premises where Cook injured herself. The trial court granted Bay Area's motion and entered final summary judgment for Bay Area.

This court reviews summary judgment using a de novo standard. Volusia Cnty. v. Aberdeen at Ormond Beach, L.P., 760 So. 2d 126, 130 (Fla. 2000). Summary judgment is proper only if: (1) there is no genuine issue of material fact, and (2) the moving party is entitled to a judgment as a matter of law. Id. " 'If the record reflects the existence of any genuine issue of material fact, or the possibility of any issue, or if the

record raises even the slightest doubt that an issue might exist, summary judgment is improper.' " Schmidt v. State Farm Mut. Ins. Co., 750 So. 2d 695, 698 (Fla. 2d DCA 2000) (quoting Snyder v. Cheezem Dev. Corp., 373 So. 2d 719, 720 (Fla. 2d DCA 1979)).

Cook first argues that summary judgment was improper because a genuine issue of material fact exists concerning whether Bay Area had control over the unpaved walkway where her injury occurred. In determining premises liability, the party's ability to exercise control over the premises is the relevant question; ownership of and title to the premises are irrelevant. Metsker v. Carefree/Scott Fetzer Co., 90 So. 3d 973, 977 (Fla. 2d DCA 2012). A party "who assumes control over the premises in question, no matter under what guise, assumes also the duty to keep them in repair." Id. (quoting Arias v. State Farm Fire & Cas. Co., 426 So. 2d 1136, 1138 (Fla. 1st DCA 1983)). Here, there was ample deposition testimony to establish that Bay Area was in fact using the adjacent lot for overflow parking, and there was conflicting deposition testimony on whether Bay Area intended its invitees to use the unpaved area as a walkway to the entrance of the festival grounds. Further, there was undisputed evidence that Bay Area employees took action to remove the pipe from the unpaved area after Cook's injury without first seeking permission or approval from the landowner. These facts all combine to suggest that Bay Area exercised control over the relevant premises, which created a question of fact for the jury that precludes summary judgment. See Goss v. Human Servs. Assocs., Inc., 79 So. 3d 127, 131 (Fla. 5th DCA 2012).

Bay Area now argues in the alternative that even if it exercised control over the premises, because the exposed pipe was open and obvious, it had no duty to warn Cook of the hazard. See Dampier v. Morgan Tire & Auto, LLC, 82 So. 3d 204, 206 (Fla. 5th DCA 2012). And contrary to Cook's assertions, the fact that Bay Area, as the appellee, did not raise this argument below does not prevent Bay Area from raising it on appeal. See Dade Cnty. Sch. Bd. v. Radio Station WQBA, 731 So. 2d 638, 645 (Fla. 1999) (holding that "the appellee can present any argument supported by the record even if not expressly asserted in the lower court"). But even when a hazard is open and obvious, a landowner or possessor can still be held liable for failing "to exercise reasonable care to prevent foreseeable injury" to invitees. Ashcroft v. Calder Race Course, Inc., 492 So. 2d 1309, 1312 (Fla. 1986). Likewise, when the presence of the hazard is actually known to the injured party, as Bay Area asserts was the case here due to the warnings Cook received about the pipe, liability can still attach when the landowner or possessor should have anticipated the possibility of injury resulting from the hazard. See Aaron v. Palatka Mall, L.L.C., 908 So. 2d 574, 576-77 (Fla. 5th DCA 2005) (finding that "an owner or possessor of land is not liable for injuries to an invitee caused by a dangerous condition on the premises when the danger is known or obvious to the injured party, unless the owner or possessor should anticipate the harm despite the fact that the dangerous condition is open and obvious"). Thus, the question of foreseeability of injury is one typically reserved for the jury. See Stewart v. Boho, Inc., 493 So. 2d 95, 97 (Fla. 4th DCA 1986) (noting that "Florida law embodies a strong preference for the resolution of forseeability issues in negligence cases by a jury"). And whether the gratuitous warnings given Cook of an alleged open and obvious condition

- 4 -

were sufficient to absolve Bay Area from liability is also a jury question. Finally, while injuries caused by a condition that is not "dangerous" do not give rise to liability due to failure to maintain the premises in a reasonably safe condition, see Wolf v. Sam's E., Inc., 132 So. 3d 305, 307-08 (Fla. 4th DCA), review denied, 151 So. 3d 1231 (Fla. 2014), whether the exposed pipe was a "dangerous condition" in the context of foreseeability is a question to be answered by the jury. See De Cruz-Haymer v. Festival Food Mkt., Inc., 117 So. 3d 885, 888 (Fla. 4th DCA 2013) (citing Aaron, 908 So. 2d at 578).

Because genuine issues of material fact existed, Bay Area was not entitled to summary judgment as a matter of law.

Reversed and remanded.


SILBERMAN and LUCAS, JJ., Concur.