NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


BONNIE J. DEWAR, an individual; CARE- )
FREE CORPORATION, a Florida )
corporation; and SUPER SWIM CORP., a )
Florida corporation, individually and on )
behalf of all others similarly situated, )
)
      Appellants, )
)
v. )    Case No. 2D14-4559
)
DOUGH BOY PIZZA, INC.; DOUGH )
BOY PIZZA II, INC.; and PIZZA MANIA I, )
INC., d/b/a LEONI'S PIZZERIA, )
)
      Appellees. )
_____ )


Opinion filed December 16, 2015.

Appeal from the Circuit Court for Lee
County; Joseph C. Fuller, Judge.

Phillip A. Bock of Bock & Hatch, LLC,
Chicago, Illinois; Roy W. Foxall of Roy
W. Foxall, P.A., Fort Myers, and Ryan M.
Kelly of Anderson + Wanco, Rolling
Meadows, Illinois, for Appellants.

David C. Borucke and Barry A. Postman
of Cole, Scott & Kissane, P.A., West Palm
Beach, for Appellees.


LaROSE, Judge.

Bonnie J. Dewar, Carefree Corporation, and Super Swim Corporation appeal an order granting a final summary judgment in favor of all the appellees and an order denying Super Swim's third amended motion for class certification under Florida Rule of Civil Procedure 1.220.[1]  We have jurisdiction, see Florida Rule of Appellate Procedure 9.030(b)(1)(A), and reverse.

Dewar sued Dough Boy for sending fax advertisements without the recipients' permission in violation of the Telephone Consumer Protection Act (TCPA). See 47 U.S.C. § 227 (2006).  Thomas C. Venetis owned and operated three separately incorporated pizza restaurants.  A fax telemarketer, Business to Business Solutions (B2B), solicited Mr. Venetis to advertise his Dough Boy businesses using B2B's services.  B2B assured Mr. Venetis that its services were legal.  Relying on B2B's representations, Mr. Venetis engaged B2B to provide fax advertisements to local businesses close to his restaurants.

Mr. Venetis provided B2B with his restaurants' logo, a slogan, coupon specials, and zip codes in which his restaurants operated.  He did not provide local company names or fax numbers.  B2B created and sent out the ads.  Unknown to Mr. Venetis, B2B was operating unlawfully and had made false representations to him.  Among other things, B2B worked with a third party to purchase fax numbers without making any effort to obtain fax recipients' prior consent to receive the ads.

---

[1]For convenience, we refer to the Appellants, collectively, as Dewar, and to the Appellee entities as Dough Boy.

Dewar filed a class action lawsuit, alleging that Dough Boy violated the TCPA, 47 U.S.C. § 227,[2] and converted fax toner and paper. The parties filed competing summary judgment motions. After a hearing, the trial court entered a final summary judgment in favor of Dough Boy. Relying on Palm Beach Golf Center-Boca, Inc. v. Sarris, 981 F. Supp. 2d 1239 (S.D. Fla. 2013) (Sarris I), the trial court concluded that Dough Boy was not fully informed of B2B's activities. Thus, Dewar could not demonstrate ratification, apparent authority, or vicarious liability by Dough Boy.[3] For the same reasons, the trial court denied an earlier filed motion for class certification.

We review a grant of summary judgment de novo. Volusia Cty. v. Aberdeen at Ormond Beach, L.P., 760 So. 2d 126, 130 (Fla. 2000); Cook v. Bay Area Renaissance Festival of Largo, Inc., 164 So. 3d 120, 122 (Fla. 2d DCA 2015). Summary judgment is proper only if there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. Cook, 164 So. 3d at 122. "On appeal from a summary judgment, all facts and inferences are viewed in the light most favorable to the [opposing] party." Pasco v. City of Oldsmar, 953 So. 2d 766, 769 (Fla. 2d DCA 2007). We review the trial court's order denying class action status for an abuse of discretion. Morgan v. Coats, 33 So. 3d 59, 64 (Fla. 2d DCA 2010).

---

[2]The federal statute provides, in relevant part, that it is "unlawful for any person . . . to use any telephone facsimile machine, computer, or other device to send an unsolicited advertisement to a telephone facsimile machine." See Penzer v. Transp. Ins. Co., 29 So. 3d 1000, 1003 n.2 (Fla. 2010) (citing 47 U.S.C. § 227(b)(1)(c) (2001)). Each TCPA violation is subject to a private right of action by the recipient who may recover the greater of his actual monetary losses or $500 in damages. Id. (citing 47 U.S.C. § 227(b)(3)).

[3]Given the finding of no vicarious liability on the part of Dough Boy, the trial court did not address other issues and arguments in Dewar's summary judgment motion.

- 3 -

Subsequent to the entry of the summary judgment, the Eleventh Circuit Court of Appeals reversed and remanded Sarris I. Palm Beach Golf Center-Boca, Inc. v. Sarris, 781 F.3d 1245, 1249 (11th Cir. 2015) (Sarris II). Deferring to the Federal Communication Commission's (FCC) construction of the TCPA, Sarris II held that "a person whose services are advertised in an unsolicited fax transmission, and on whose behalf the fax is transmitted, may be held liable directly under the TCPA's ban on the sending of junk faxes." Id. at 1254. Previously, the FCC, in a 1995 Memorandum Opinion and Order, stated that the entity or entities on whose behalf facsimiles are transmitted are ultimately liable for compliance with the rule banning unsolicited facsimile advertisements. Id. at 1254-55 (citing In re Rules & Regulations Implementing the Tel. Consumer Protection Act of 1991, 10 FCC Rcd. 12391, 12407 (1995) (memorandum opinion and order)). As the administrative agency tasked with enforcing the TCPA, the FCC's interpretation is entitled to deference when reasonable and not in conflict with the statute. Id. at 1257. Sarris II found sufficient record evidence to allow a jury to decide whether the fax was sent on behalf of the defendant. Id. at 1258. We find the reasoning in Sarris II sound. As is obvious, therefore, the trial court's reliance on Sarris I, holding that a plaintiff must establish vicarious liability to recover under the TCPA, was proven to be mistaken.

Because Sarris II invalidates the reasoning of the trial court, we are compelled to reverse the grant of summary judgment to Dough Boy as well as the trial court's order denying class certification. We reverse for further consideration.

Reversed and remanded for further proceedings.

CASANUEVA and LUCAS, JJ., Concur.