BILBREY, J.,
concurring in part and dissenting in part.
As the majority opinion correctly notes, a business owner owes two “separate and distinct” duties to business invitees. (Maj. Op. 1130-31). See also Grimes v. Family Dollar Stores of Florida, Inc., 194 So.3d *1138 424 (Fla. 3d DCA 2016). I agree that the presence of the pallets and pallet jack was open and obvious such that there was no duty- to warn, since they were not inherently dangerous. See Upton v. Rouse’s Enterprise, LLC, 186 So.3d 1195, 1202 (La. Ct. App. 2016) (explaining “a pallet does not inherently pose an unreasonable risk of harm.”). I therefore agree that summary judgment was appropriately granted as to the Appellees’ duty to warn Appellant of objects he already knew or should have known about. However, I believe questions of fact should have precluded entry of summary judgment on the issue of whether Appellees used “ordinary care to maintain [the] premises in a reasonably safe condition,” when a full pallet, empty pallet, arid pallet jack were positioned in close proximity to the only means of entering and existing the premises and in the pathway to the parking lot.[1] See Rocamonde v. Marshalls of Ma, Inc., 56 So.3d 863, 865 (Fla. 3d DCA 2011); see also Lynch v. Brown, 489 So.2d 65, 67 (Fla. 1st DCA 1986) (holding “a plaintiffs knowledge of a dangerous condition does not negate a defendant’s potential liability for negligently permitting the dangerous condition to exist; it simply raises the issue of comparative negligence and precludes summary judgment.”). I would therefore reverse the grant of summary judgment as to the Appellee’s duty to maintain the premises in a reasonably safe condition and remand the case to the trial court for further proceedings.[2]
Here, the Appellees’ motions for summary judgment recognized that there were two separate duties alleged and therefore two issues for the trial court’s consideration. The trial court’s order granting summary judgment also recognized the two duties and thoroughly analyzed the duty to warn, Appellant’s knowledge of the hazard, and the fact that the pallets and jack were not inherently dangerous. But the trial court’s order did not explain why the Ap-pellees did not owe Appellant a duty to maintain the premises in a reasonably safe condition. We are left with a review of the record to determine as a matter of law whether no material issues of fact exist such that summary judgment was appropriate as to Appellees’ duty to maintain the premises. See Fla. R. Civ. P. 1.510; Lomack v. Mowrey, 14 So.3d 1090 (Fla. 1st DCA 2009).
In opposition to the motions for summary judgment, Appellant submitted the affidavit of Jeremy Cummings, Ph.D., as expert opinion in the areas of human factors, biomechanics, and biomedicine. Dr. Cummings’ affidavit stated that the pallet was not in a reasonably safe location and that it was reasonable to anticipate that Appellant’s attention could have been diverted when Appellant tripped. Deposition testimony of Appellees’ employees showed that the pallets were placed as they were so that the beer on the pallets could be monitored to prevent theft. Appellant contended that a safer location for the pallets would have been next to the entry door against the wall of the premises.
In the past, this court has looked to the Restatement (Second) of Torts section 343A in analyzing legal principles of premises liability. Lynch, 489 So.2d at 66; Ahl v. Stone Southwest, Inc., 666 So.2d 922 (Fla. 1st DCA 1995); Moultrie v. Consol. Stores Int’l Corp., 764 So.2d 637 (Fla. 1st DCA 2000). Subsection (1) of section 343A *1139 states, “A possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness.” Comment f to this subsection states:
There are, however, cases in which the possessor of land can and should anticipate that the dangerous condition will cause physical harm to the invitee notwithstanding its known or obvious danger. In such cases the possessor is not relieved of the duty of reasonable care which he owes to the invitee for his protection. This duty may require him to warn the invitee, or to take other reasonable steps to protect him, against the known or obvious condition or activity, if the possessor has reason to expect that the invitee will nevertheless suffer physical harm.
Such reason to expect harm to the visitor from known or obvious dangers may arise, for example, where the possessor has reason to expect that the invitee’s attention may be distracted, so that he will not discover what is obvious, or will forget what he has discovered, or fail to protect himself against it. Such reason may also arise where the possessor has reason to expect that the invitee will proceed to encounter the known or obvious danger because to a reasonable man in his position the advantages of doing so would outweigh the apparent risk. In such cases the fact that the danger is known, or is obvious, is important in determining whether the invitee is to be charged with contributory negligence, or assumption of risk. ... It is not, however, conclusive in determining the duty of the possessor, or whether he has acted reasonably under the circumstances.
The Restatement comments are consistent with Florida law that even when there is an open and obvious hazard, “liability can still attach when the landowner or possessor should have anticipated the possibility of injury resulting from the hazard.” Cook v. Bay Area Renaissance Festival of Largo, Inc., 164 So.3d 120, 123 (Fla. 2d DCA 2015). In Cook, the court reversed a grant of summary judgment where the plaintiff had tripped over an obvious pipe in a walkway. Id. The court in Cook noted “while injuries caused by a condition that is not ‘dangerous’ do not give rise to liability due to failure to maintain the premises in a reasonably safe condition ... whether the exposed pipe was a ‘dangerous condition’ in the context of foreseeability is a question to be answered by the jury.” Id. (citations omitted). Applying Coók and the various eases it cites, thé determination here of whether the pallets and pallet jack were a “dangerous condition” such that Appellees should have anticipated the possibility of Appellant’s injury is a question of fact for the jury.
I believe the situation here is similar to other cases where a material issue of fact as to the possessor of the premises’ duty to maintain the premises remained when a customer tripped on an open , and obvious object. See De Cruz-Haymer v. Festival Food Market, Inc., 117 So.3d 885 (Fla. 4th DCA 2013) (open and obvious rumbled door mat); Skala v. Lyon Heritage Corp., 127 So.3d 814 (Fla. 2d DCA 2013) (obvious construction debris); Burton v. MDC PGA Plaza Corp., 78 So.3d 732 (Fla. 4th DCA 2012) (pothole known to plaintiff); Taylor v. Tolbert Enters. Inc., 439 So.2d 991 (Fla. 1st DCA 1983) (sand and water accumulated on. steps and walkway known to plaintiff). In all of these cases summary judgment was reversed because material issues of fact remained regarding the possessor’s duty to maintain the premises in a reasonably safe condition.
*1140 The majority attempts to distinguish our decision in Lomack, but I respectfully fail see to how it differs. Like here, the trial court’s order in Lomack was “grounded on a finding that appellees had no duty to warn” but did not analyze the duty to maintain the premises. 14 So.3d at 1092. We reversed the summary judgment for the landowners in Lomack noting that “an invitee’s knowledge of a danger is normally not a complete bar to recovery, but rather triggers the application of comparative negligence principles.” Id. I fail to see how the exposed computer cable in an office which the appellant in Lomack had traversed at least a hundred times would implicate a duty to maintain a premises but pallets temporarily placed adjacent to the entry and exit of a premises, and between the premises and its parking lot, do not.
I do not believe that Appellees have carried their burden to show no disputed issues of material fact remain for summary judgment on the issue of their duty to maintain the premises. For the above reasons, I respectfully dissent from the portion of the majority opinion which holds Appellees had no duty to maintain the premises. I would remand the case back to the trial court for further proceedings.

. Appellant tripped over the empty pallet or tips of the pallet jack while exiting the premises for a third time, this time with an armful of boxes which obstructed his vision.

. Appellant would still need to prove that Appellees “had actual or constructive notice of the dangerous condition.” Grimes, 194 So.3d at 427 (citing Schaap v. Publix Supermarkets, Inc., 579 So.2d 831, 834 (Fla. 1st DCA 1991)).