GROSSHANS, J.
*1220 Sherrye Parker (Appellant) appeals a final summary judgment in favor of Shelmar Property Owner's Association, Inc. (Appellee). Concluding that material issues of fact remain regarding Appellee's duty to maintain the premises in a reasonably safe condition, we reverse and remand for further proceedings.
Appellant sustained injuries when she tripped on a wheel stop in Appellee's parking lot. Based on this incident, Appellant filed an action for damages. She alleged that Appellee had a duty to maintain the premises in a reasonably safe condition and that the specific placement of the wheel stop breached that duty, resulting in her injury.
After conducting discovery, Appellee moved for summary judgment, arguing entitlement to judgment as a matter of law pursuant to the open and obvious danger doctrine. Appellee further claimed that it did not breach the duty to maintain the premises in a reasonably safe condition because invitees should be reasonably expected to see wheel stops and protect themselves. In support of its summary judgment motion, Appellee attached the affidavit of Karl Burgunder, a former party to the case. Among other things, Burgunder asserted that the wheel stops were in place when Appellee obtained the property, the area was well-maintained, and there had been no reports of any prior accidents related to the wheel stops.
Appellant filed a response to the summary judgment motion, arguing that Appellee "violated Chapter 10, Section 1002.1 of the Florida Building Code, by placing the subject parking bumper in the pathway of an ingress and egress into the subject building." In support of her response, Appellant attached photos of the parking lot, wheel stop, and building entry. Additionally, she attached the affidavit of a forensic engineer, who maintained that the placement of the wheel stop in front of the walkway created a dangerous condition, violated the Florida Building Code, and did not follow the Standard Practice for Safe Walking Surfaces, which he explained was "an industry standard for construction guidelines and minimum maintenance criteria for new and existing buildings and structures."
Before the scheduled hearing on the motion, the trial court granted summary judgment in favor of Appellee. Appellant filed a motion for rehearing, which the court summarily denied. This appeal timely followed.
"Summary judgment is proper if there is no genuine issue of material fact and if the moving party is entitled to a judgment as a matter of law." Volusia Cty. v. Aberdeen at Ormond Beach, L.P., 760 So. 2d 126, 130 (Fla. 2000) (citing Menendez v. Palms W. Condo. Ass'n, 736 So. 2d 58 (Fla. 1st DCA 1999) ). Accordingly, we review de novo the trial court's decision to grant summary judgment. Id. When reviewing an order granting summary judgment, "[a]n appellate court must examine the record in the light most favorable to the non-moving party." Vander Voort v. Universal Prop. & Cas. Ins. Co., 127 So. 3d 536, 538 (Fla. 4th DCA 2012).
*1221 A landowner owes an invitee a duty to: (1) "use ordinary care in keeping the premises in a reasonably safe condition," and (2) "give timely warning of latent or concealed perils which are known or should be known by the owner or occupier." Krol v. City of Orlando, 778 So. 2d 490, 492 (Fla. 5th DCA 2001). To establish a lack of negligence, the landowner must demonstrate that there is no duty owed to the invitee or that it did not breach a duty which is owed. See Smith v. Grove Apartments, LLC, 976 So. 2d 582, 586 (Fla. 3d DCA 2007).
In the summary judgment motion, Appellee's defense rested primarily on the open and obvious danger doctrine. However, this doctrine does not completely discharge the property owner's duty to maintain the premises in a reasonably safe condition. See Trainor v. PNC Bank, N.A., 211 So. 3d 366, 368 (Fla. 5th DCA 2017). Furthermore, when an injured party alleges a breach of the duty to maintain the premises in a reasonably safe condition, factual issues frequently exist "as to whether the condition was dangerous and whether the owner or possessor should have anticipated that the dangerous condition would cause injury despite the fact it was open and obvious." Aaron v. Palatka Mall, L.L.C., 908 So. 2d 574, 578 (Fla. 5th DCA 2005) ; see also Burton v. MDC PGA Plaza Corp., 78 So. 3d 732 (Fla. 4th DCA 2012).
Here, Appellant claimed that the placement of the wheel stop near or at the egress of the building created an unreasonably dangerous condition. Her expert's affidavit supported this claim. Specifically, her expert opined that the placement of the wheel stop constituted a dangerous condition in violation of the Florida Building Code and industry safety standards. Evidence of a building code violation is prima facie evidence of negligence. See Holland v. Baguette, Inc., 540 So. 2d 197, 198 (Fla. 3d DCA 1989).
Viewing the record in the light most favorable to Appellant, we find a material issue of fact exists as to whether Appellee violated the duty to maintain the premises in a reasonably safe condition. Therefore, summary judgement was improper.[1]
Accordingly, we reverse the final summary judgment entered in favor of Appellee and remand for further proceedings.
REVERSED and REMANDED.
BERGER, J., concurs.
LAMBERT, J., concurs specially, with opinion.
LAMBERT, J., concurring specially.
*1222 I fully concur with the majority opinion. I write separately to note that, although not argued by Appellant, the trial court committed fundamental error by granting Appellee's dispositive motion for final summary judgment without holding a hearing as required under Florida Rule of Civil Procedure 1.510(c). See Chiu v. Wells Fargo Bank, N.A. , 242 So. 3d 461, 464 (Fla. 3d DCA 2018) (holding that the trial court committed fundamental error in entering final summary judgment in favor of the movant without conducting a hearing as provided by rule 1.510(c) ).

In its order granting summary judgment, the trial court cited two cases to support its decision. First, in Ramsey v. Home Depot U.S.A., Inc., 124 So. 3d 415 (Fla. 1st DCA 2013), a woman tripped over a parking lot wheel stop. Id. at 416. In support of the motion for summary judgment, Home Depot included an expert engineer's report, surmising there were no code violations in the parking lot. Id. In response, the plaintiff's expert offered only a conclusory statement that the parking lot could be maintained in a safer condition, but did not allege any specific guideline or code violations. Id. The district court upheld the order granting summary judgment, noting that an expert's personal preferences could not establish a genuine issue of material fact without reference to the requirements of any law, code, regulation, or recognized industry safety standard. Id. at 418. This case is distinguishable from Ramsey as Appellant's expert maintains that the placement of the wheel stop violated a specific Florida Building Code and industry safety standard, resulting in an unreasonably dangerous condition.
Second, the trial court relied on Hunt v. Slippery Dip of Jacksonville, Inc., 453 So. 2d 139 (Fla. 1st DCA 1984), in which the First District upheld summary judgment in a negligence case. Id. at 139. Hunt focused on the plaintiff's knowledge of the danger and the landowner's duty to warn, but did not discuss the duty to maintain the premises in a reasonably safe condition. Thus, Hunt's reasoning did not support the summary judgment below.