PER CURIAM.
Anita Miranda was shopping at the building materials store, Home Depot, when she saw a planter she was interested in purchasing. The planter was on a bottom display shelf. A ladder in front of the shelf blocked access to the planter. According to Miranda, when she was unsuccessful in finding an employee to get the planter for her, she projected her head and shoulders and upper torso through the ladder in order to retrieve the planter for herself. Then, by standing erect or withdrawing on other than the same plane by which she had injected her body through the ladder, she hit her right eye on a cross bar of the ladder and cut open an incision from previous cataract surgery. Miranda brought the instant negligence suit against Home Depot, Inc. Thereafter, the store moved for summary judgment on the grounds that there was no breach of reasonable care and that the presence of the ladder was open and obvious, making Miranda’s conduct the sole proximate cause of the accident. The trial court entered summary final judgment in Home Depot’s favor. We affirm.
In Nichols v. Home Depot, Inc., 541 So.2d 639 (Fla. 3d DCA 1989), the court held that genuine issues of material fact existed precluding summary judgment in the store owner’s favor where a customer climbed a store ladder, reached for merchandise, lost his balance, and fell to the floor. Miranda, citing Nichols, claims that ladders on the store’s selling floor represent an unreasonable risk of harm to customers and thus the relative negligence of the parties in the instant case creates a question of fact precluding summary judgment. We disagree. The foreseeable risk of harm acknowledged in Nichols was that “customers, inexperienced in scaling ladders and unknowledgeable about the weights of items in the overhead areas, [would climb] ... ladders to retrieve those items when they found the floor stock depleted ánd assistance not forthcoming.” Id. at 642.
As stated in Stahl v. Metropolitan Dade County, 438 So.2d 14 (Fla. 3d DCA 1983):
Not every negligent act of omission or commission gives rise to a cause of action for injuries sustained by another. It is only when injury to a person ... has resulted directly and in ordinary natural sequence from a negligent act without the intervention of any independent efficient cause, or is such as ordinarily and naturally should have been regarded as a probable, not a mere possible, result of the negligent act, that such injured person is entitled to recover damages as compensation for his loss, (emphasis added).
Id. at 19, (quoting Pope v. Pinkerton-Hays Lumber Co., 120 So.2d 227, 229 (Fla. 1st DCA 1960), cert. denied, 127 So.2d 441 (Fla.1961) (footnotes omitted), citing Seaboard Air Line Ry. v. Mullin, 70 Fla. 450, 70 So. 467 (1915)).
In the instant case, appellant’s injury was the result of an unusual occurrence, *1239 the customer reaching through the ladder, and then forgetting her stance, and withdrawing in a manner which caused her to hit the cross bar she had moments earlier maneuvered through. It was neither probable nor foreseeable that someone would injure themselves in this manner. Thus, there was no breach of duty in failing to guard against the injury which occurred. See Pope, 120 So.2d at 229.
In Casby v. Flint, 520 So.2d 281 (Fla.1988), the supreme court cited the Restatement (Second) of Torts § 343A (1965), which states:
A possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness.
We conclude, as a matter of law, that Home Depot breached no duty to its customer when it failed to anticipate the harm which occurred in the instant case.
Accordingly, the order under review is affirmed.