PER CURIAM.
 

 Glendora Lomack appeals a final summary judgment in a premises liability action. She alleged in her complaint below that while cleaning a law office owned by appellees, she became entangled in some exposed computer cables and fell, resulting in significant injuries. Concluding that the trial court erred in granting summary judgment, we reverse and remand for further proceedings.
 

 Lomack’s claim against appellees rested on the theory that her injuries resulted from appellees’ breach of their duty to maintain their property in a safe condition. In granting summary judgment, the trial court found as follows:
 

 The record which includes the deposition of Plaintiff, Glendora Lomack, reveals that there was no known dangerous condition in existence in the area where Plaintiffs alleged injuries were sustained; that there were no obstacles blocking Plaintiffs view of the open and obvious area where she allegedly fell; that Plaintiff was familiar with the subject area having entered the area on at least 100 occasions prior to the alleged fall; and that .there is no evidence whatsoever of prior similar incidents which would have placed [appellees] on notice of a potential danger in the area where Plaintiff allegedly fell.
 

 As both parties correctly recognize, orders granting summary judgment are reviewed under a
 
 de novo
 
 standard.
 
 See Futch v. Wal-Mart Stores, Inc.,
 
 988 So.2d 687, 690 (Fla. 1st DCA 2008). Under Florida Rule of Civil Procedure 1.510, the court may grant summary judgment if there is no genuine dispute as to any issue of material fact and the moving party is entitled to judgment as a matter of law. Rule 1.510(c) provides that a motion for summary judgment must “state with particularity the grounds upon which it is based and the substantial matters of law to be argued.” The burden to conclusively establish the nonexistence of a disputed issue of material fact and entitlement to judgment as a matter of law rests squarely with the movant.
 
 See Holl v. Talcott,
 
 191 So.2d 40, 43-44 (Fla.1966);
 
 Bloch v. Berkshire Ins. Co.,
 
 585 So.2d 1137, 1138 (Fla. 3d DCA 1991). Only after these elements are established by the movant does the burden shift to the party opposing the motion to establish existence of a dispute of material fact.
 
 See Knight Energy Servs., Inc. v. Amoco Oil Co.,
 
 660 So.2d 786 (Fla. 4th DCA 1995).
 

 
 *1092
 
 In their motion below, appellees correctly acknowledged that, as landowners, they owed to invitees the duties to: (a) use reasonable care to maintain their premises in a safe condition, and (b) give warning of concealed perils which are or should be known to them, but which are unknown to the invitee and could not have been discovered by the invitee even with the exercise of reasonable care.
 
 *
 

 See DiMarco v. Colee Court, Inc.,
 
 976 So.2d 650, 651 (Fla. 4th DCA 2008);
 
 Freeman v. BellSouth Telecomms., Inc.,
 
 954 So.2d 45, 46 (Fla. 1st DCA 2007);
 
 Williams v. Madden,
 
 588 So.2d 41, 43 (Fla. 1st DCA 1991). In their motion for summary judgment, appellees argued that they had no duty to warn because the condition of the wires on the floor was “open and obvious” and “non-dangerous.” Apart from characterizing the condition as “non-dangerous,” however1, the motion did not meaningfully address whether appellees had satisfactorily discharged their duty to maintain the premises in a safe condition.' The reconstructed record of the summary judgment hearing likewise suggests that the arguments and evidence discussed at the hearing went exclusively to the “duty to warn” issue. Not surprisingly, then, the trial court’s order granting summary judgment is grounded on a finding that appellees had no duty to warn of the hazard presented by the loose wires because that hazard was not known to appellees and in any event was open and obvious.
 

 In light of the foregoing, we conclude that the trial court erred in granting summary judgment bottomed upon an incomplete analysis of the relevant issues of fact and law. Case law consistently recognizes that the fact that a danger is open and obvious may operate to discharge a landowner’s duty to warn, but it does not discharge the duty to maintain the property in a reasonably safe condition.
 
 See, e.g., Fieldhouse v. Tam Inv. Co.,
 
 959 So.2d 1214, 1216 (Fla. 4th DCA 2007);
 
 Miller v. Slabaugh,
 
 909 So.2d 588, 589 (Fla. 2d DCA 2005);
 
 Aaron v. Palatka Mall, L.L.C.,
 
 908 So.2d 574, 577-78 (Fla. 5th DCA 2005);
 
 Lynch v. Brown,
 
 489 So.2d 65, 66 (Fla. 1st DCA 1986);
 
 Pittman v. Volusia County,
 
 380 So.2d 1192, 1193-94 (Fla. 5th DCA 1980). Moreover, despite the trial court’s apparent conclusion to the contrary, an invitee’s knowledge of a danger is normally not a complete bar to recovery, but rather only triggers the application of comparative negligence principles.
 
 See Kirk v. TJ Palm Beach Assocs. Ltd. P’ship,
 
 976 So.2d 694, 695 (Fla. 4th DCA 2008);
 
 Fenster v. Publix Supermarkets, Inc.,
 
 785 So.2d 737, 739 (Fla. 4th DCA 2001);
 
 Knight v. Waltman,
 
 774 So.2d 731, 734 (Fla. 2d DCA 2000).
 

 Accordingly, even if the hazard caused by the loose wires were open and obvious and appellees thus had no duty to wai’n appellant of it (a finding the present record would not allow us to embrace at this point), the lower court nonetheless erred by determining appellees’ entitlement to judgment as a matter of law, given the absence of a factually supported finding that appellees also had not breached their duty to maintain their premises in a reasonably safe condition. The order on appeal is therefore REVERSED and the
 
 *1093
 
 matter REMANDED for further proceedings.
 

 KAHN, THOMAS, and ROBERTS, JJ., concur.
 

 *
 

 Appellees argue in their brief to this court that the appropriate standard of care is a more relaxed one applicable to independent contractors. The applicability of that standard was not among "the substantial matters of law” disclosed in their motion, nor is it mentioned in the reconstructed record of the summary judgment hearing. Thus, the "tipsy coachman” rule notwithstanding, any reliance on this different standard at this point would be contrary to elementar)' due process principles and the express requirements of rule 1.510.