PER CURIAM.
Appellant, Bernadette Denson, challenges the trial court’s order granting final summary judgment in favor of Appellees, SM-Planters Walk, LLC, d/b/a Planters Walk Apartments (“SM-Planters”) and In-sula Property Management, LLC, (“Insu-la”), in a negligence action. Appellant argues that the existence of disputed issues of material fact precluded the trial court from granting Appellees’ motion for summary judgment. We affirm the trial court’s order with regard to the duty to warn pursuant to the obvious danger doctrine without further comment, but reverse as to the duty to maintain the premises in a reasonably safe condition based upon our finding that disputed issues of material fact exist.
Appellant filed a negligence action against Appellees, alleging that SM-Planters is the owner and Insula is the property manager of the apartment complex whereupon she entered at their invitation on June 9, 2012, and that in the course of leaving the complex, she “stepped on a slick and glossy stair on the top of a stairway located upon the premises and slipped and fell down the stairway.” Appellant alleged that Appellees owed her a duty to warn of concealed perils upon the premises and a duty to maintain the premises in a reasonably safe condition and that they breached one or both of those duties. Appellant asserted that Appellees’ negligence included their failure to “timely remove or remedy the slick and glossy surface on the stair that caused [her] to slip and fall.” Appellees moved for summary judgment, arguing that Appellant could not prove they breached any duty they might have owed to her and that her claim must fail because the stairs had not been freshly painted contrary to her opinion.
Jose Gomez, the maintenance supervisor at the apartment complex, testified at-deposition that he painted the stairs around the end of 2009 or the beginning of 2010 with the help of his then-supervisor, Roy, and that the stairs have not been painted since then. Roy, who did not speak English, was responsible for purchasing the paint, and they used “paint for concrete for exterior.” Mr. Gomez knows that Roy “bought the proper paint for that area” because Mr. Gomez used to own a construction company and painted the stairs. The paint said it was for concrete and exteriors, but Mr. Gomez did not read the rest of the label and does not recall reading. the words “skid resistant.” He has been purchasing paint at Home-Depot for a long time and knows that “every time it says concrete exterior, it’s anti-skid. It has to be. Because there’s people at Home Depot that help you. When you go buy the paint that you tell them it’s for the outside for the concrete, they have to give you the paint that it’s correct for this.”
Appellees entered into evidence Home Depot receipts that were dated March 2, 5, and 10, 2010, and contained the names of the apartment complex and Roy. The March 2nd receipt was for concrete stain and skid additive and contained the handwritten notes “clear coat” and “anti-skid additive.” The March 5th receipt included a floor finish that was followed by the handwritten note “anti-skid” and items that were followed by the -handwritten notes “paint” and “concrete primer.” The March 10th receipt contained the handwritten note “brick paint.” The receipts reflect' that four units of anti-skid additive and ten.gallons of product (six gallons of paint, three gallons of concrete primer, and one gallon .of concrete stain) were purchased.
*1050 Appellant filed a Behr premium non-skid floor finish additive label fori the anti-skid additive that appeared on one of the receipts. The label states that the non-skid floor finish additive- “is a unique texture additive, which, when mixed with a finished product container of,paint or solid color stain creates a slip-resistant coating for all types of interior and exterior floor surfaces,” The label instructions call for one pouch of . additive per one gallon of finished product and include instructions for mixing and application. The label also states, “This product, if added according to label directions, helps prevent slipping ,by providing a slip-resistant coating.”
In opposing Appellees' motion for summary judgment, Appellant argued that the existence of four disputed issues of material fact precluded summary judgment, one of which was whether Appellees misused a product on the stairs given that the nonskid additive label states that one unit of additive is needed for one gallon 6f product, the receipts show that ten gallons of product but only -four units of additive were purchased, and the label states that the additive helps prevent slipping if added according to label directions. Upon concluding that the disputed issues of fact raised by Appellant were not material, the trial court entered an order granting final summary judgment in favor of Appellees. This appeal followed.
We review an order granting a motion for summary judgment de novo. Haynes v. Universal Prop. & Cas. Ins. Co., 120 So.3d 651, 653 (Fla. 1st DCA 2013). “A summary judgment is proper only when no genuine issue of material fact exists and the moving party is entitled to a judgment as a matter of law.” Id. at 653-54. The moving party must conclusively show “the absence of any genuine issue of material fact” and the court must draw “every possible inference” in favor of the non-moving party. Id. at 654. “ ‘[E]ven the slightest doubt as to the existence of such a question precludes summary judgment.’ ” Ramsey v. Home Depot U.S.A., Inc., 124 So.3d 415, 416-17 (Fla. 1st DCA 2013) (internal citation omitted); see also Deese v. McKinnonville Hunting Club, Inc., 874 So.2d 1282, 1286 (Fla. 1st DCA 2004) (“A party seeking summary judgment in a negligence action has a more onerous burden than that borne in other types of cases.... If the record reflects even a possibility of a material issue of fact, then summary judgment must be denied.”).
To state a cause of action for negligence, a plaintiff must prove: “(1) a duty to the plaintiff; (2) the defendant’s breach of that duty; (3) injury to the plaintiff arising from the defendant’s breach; and (4) damage caused by the injury to the plaintiff as a result of the defendant’s breach of duty.” Delgado v. Laundromax, Inc., 65 So.3d 1087, 1089 (Fla. 3d DCA 2011). A business owner owes two duties to a business invitee: (1) a duty to warn of perils that were known or should have been known to the owner and which the invitee could not discover; and (2) a duty ,to take, ordinary, care to keep its premises reasonably safe. Id.) see also Ramsey, 124 So.3d at 417.
“While the fact that a danger is obvious discharges a landowner’s duty to warn, it does not discharge the landowner’s duty to maintain his premises.” De Cruz-Haymer v. Festival Food Market, Inc., 117 So.3d 885, 888 (Fla. 4th DCA 2013); see also Tallent v. Pilot Travel Ctrs., LLC, 137 So.3d 616, 617-18 (Fla. 2d DCA 2014) (noting that “[i]n this case, we address-the dichotomy between the duty to warn and the duty to maintain the premises in a reasonably safe condition”; finding -that the appellee had no duty to warn the appellant because he had knowledge of the fuel spill that caused him to slip and fall; *1051 and finding that material issues of fact nevertheless remained as to whether the appellee maintained the premises in a reasonably safe condition where the appellee relied on its maintenance person’s testimony to prove that it followed company cleanup procedures on the day in question, but the maintenance person had no recollection of that day and could pot confirm that he performed any of the cleaning procedures); Ramsey, 124 So.3d at 417-18 (finding that the appellant’s claim that Home Depot failed to warn of a- concealed condition was barred because • the readily observable wheel stop was not a dangerous condition and was open and obvious, explaining that the analysis did not end there and proceeding to analyze whether Home Depot breached its duty to maintain the premises in a reasonably safe condition, and observing that “[although a property owner has a duty to maintain its premises in a reasonably safe manner for its invitees, there is no duty to warn against an open and obvious condition’ which is not inherently dangerous”); Dampier v. Morgan Tire & Auto, LLC, 82 So.3d 204, 206 (Fla. 6th DCA 2012) (“The open and obvious nature of a hazard may discharge a landowner’s duty to warn, but it does not discharge the landowner’s duty to maintain the property in a reasonably safe ..condition. Nonetheless, some conditions are so obvious and not inherently dangerous that they can be said, as a matter'of law, not to constitute a dangerous condition, and will not give rise to liability due to the failure to maintain the premises in a reasonably safe condition. Other conditions are dangerous, but are so open and obvious that an invitee may be reasonably expected to discover them and to protect himself.- The rule applied in these circumstances is to absolve the landowner of liability unless the landowner should anticipate or foresee harm from the dangerous condition despite such knowledge or obviousness.”) (Internal citations omitted); Lomack v. Mowrey, 14 So.3d 1090, 1092 (Fla. 1st DCA 2009) (“Case law consistently recognizes that the fact that á danger is open and obvious may operate to discharge a landowner’s duty to warn, but it does not discharge the duty to maintain the property in a reasonably safe condition.... Accordingly,' even if the haz-’ ard caused by the loose wires were open and obvious and appellees thus had no duty to warn appellant of it ..., the lower court nonetheless erred by determining appellees’ entitlement to judgment as a matter of law, given the absence of a factually supported finding that appellees also had not breached their duty to maintain their premises in a reasonably safe condition.”) (Internal citations omitted).
We find that Mr. Gomez’s deposition testimony, coupled with the Home Depot receipts and the Behr non-skid additive label, created a factual dispute as to whether Appellees maintained their premises in a reasonably safe condition. Specifically, the evidence raised a disputed issue of material fact about whether Appellees used non-skid paint on the stairs or properly mixed the non-skid additive with the paint. Mr. Gomez testified that he knows that anti-skid paint was used on the stairs because the paint said it was for concrete exteriors, Roy purchased the paint at Home Depot, and Home Depot must give the proper paint. The- Home Depot receipts, however, reflect ■ that • Roy purchased anti-skid additive in addition to paint and other products. Further, ten gallons of product but only four units of anti-skid additive were purchased, whereas the Behr label called for one unit of additive per gallon of product. Therefore, although we affirm the trial court’s order granting summary judgment in Appellees’ favor with regard to the duty to warn of a concealed danger, we reverse the order as to the duty to maintain the premises in a *1052 reasonably safe condition and remand for further proceedings.
AFFIRM in part, REVERSE in part, and REMAND.
LEWIS, C.J., MARSTILLER and OSTERHAUS, JJ., concur.