IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

THOMAS BROOKIE,

      Appellant,

v.

WINN-DIXIE STORES, INC.
and THE LEWIS BEAR
COMPANY,

      Appellees.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D16-1285

Opinion filed April 4, 2017.

An appeal from the Circuit Court for Bay County.
James B. Fensom, Judge.

Harold R. Mardenborough, Jr. and C. Brian Davidson of Perry & Young, P.A., Panama City, for Appellant.

Robert C. Palmer, III of Wade, Palmer & Shoemaker, P.A., Pensacola; Randall G. Rogers and Kathryn L. Ender of Cole Scott & Kissane, Pensacola, for Appellee Winn-Dixie Stores, Inc.

Charles Wiggins of Beggs & Lane, RLLP, Pensacola, for Appellee The Lewis Bear Company.

B.L. THOMAS, J.

      In this premises-liability case we address the issue of whether summary judgment may be granted when the injured party observed the condition but failed to step around the easily avoidable obstacle. We hold that the trial court properly

granted summary judgment, because as a matter of law Appellees owed no duty to warn Appellant, and properly discharged their duty to exercise ordinary care to maintain the premises in a reasonably safe condition.

Appellant went to Winn-Dixie to make a purchase and get empty boxes. During his visit, Appellant made a total of four trips into and out of the store. On the first trip, Appellant made his purchase and took it to his car; he then made three more trips into Winn-Dixie to obtain empty boxes, returning them to his car. During this time, a Lewis Bear employee was delivering a shipment of beer. The beer was stacked approximately five feet high on a pallet between Winn-Dixie's entrance and exit doors, and an empty pallet was sitting on the pallet jack's prongs to the right of the exit. On Appellant's third trip exiting the store, he saw the empty pallet, but tripped and fell over it, suffering injuries as a result. Appellant sued Appellees for negligently failing to warn of the dangerous condition and negligently failing to make the sidewalk safe to walk across.

During discovery, Appellant produced an affidavit from his expert averring that Appellees created an unsafe condition, and Appellees offered video surveillance still-shots from footage of the events. In his deposition, Appellant testified that he did not notice the empty pallet until his third trip, claiming that he tripped over the prongs protruding from underneath the pallet, as opposed to the pallet itself. After hearing arguments, the trial court granted summary judgment in

2

favor of Appellees, finding Appellees owed no duty to warn Appellant of the pallet or the prongs, because Appellant was aware of the condition. The court further found the condition to have been so open, obvious, and ordinary that it was inherently not dangerous as a matter of law, absolving Appellees of liability.

In a premises-liability decision upholding summary judgment for the landowner, the Florida Supreme Court recognized more than a half-century ago that a

> business invitee is entitled to expect that the proprietor will take **reasonable** care to discover the actual condition of the premises and either make them safe or warn [the invitee] of dangerous conditions, **it is equally well settled that the proprietor has a right to assume that the invitee will perceive that which would be obvious to him upon the ordinary use of his own senses.**

Earley v. Morrison Cafeteria Co. of Orlando, 61 So. 2d 477, 478 (Fla. 1952) (emphasis added). This court has also held that "there is no duty to warn against an open and obvious condition which is not inherently dangerous." Ramsey v. Home Depot U.S.A., Inc., 124 So. 3d 415, 417 (Fla. 1st DCA 2013). As premises-liability law developed post-Earley, lower-court decisions have recognized that a business owner owes two "separate and distinct" duties to business invitees: "1) to warn of concealed dangers which are or should be known to the owner and which are unknown to the invitee and cannot be discovered through the exercise of due care; and 2) to use ordinary care to maintain its premises in a reasonably safe

3

condition." Rocamonde v. Marshalls of Ma, Inc., 56 So. 3d 863, 865 (Fla. 3d DCA 2011).

As noted in Rocamonde:

The granting of summary judgment is subject to de novo review. Volusia Cnty. v. Aberdeen at Ormond Beach, L.P., 760 So. 2d 126 (Fla. 2000). The appellate court is required to 'consider the evidence contained in the record, including any supporting affidavits, in the light most favorable to the non-moving party . . . and if the slightest doubt exists, the summary judgment must be reversed.' Tropical Glass & Constr. Co. v. Gitlin, 13 So. 3d 156, 158 (Fla. 3d DCA 2009), quoting Krol v. City of Orlando, 778 So. 2d 490, 492 (Fla. 5th DCA 2001). In negligence suits particularly, 'summary judgments should be cautiously granted.' Moore v. Morris, 475 So. 2d 666, 668 (Fla. 1985). 'If the evidence raises any issue of material fact, if it is conflicting, if it will permit different reasonable inferences, or if it tends to prove the issues, it should be submitted to the jury as a question of fact to be determined by it.' Id. (citing Williams v. Lake City, 62 So. 2d 732 (Fla. 1953)). Summary judgment should not be granted 'unless the facts are so crystallized that nothing remains but questions of law.' Id. (citing Shaffran v. Holness, 93 So. 2d 94 (Fla. 1957)).

Id. at 864-865.

In Rocamonde, the Third District held that summary judgment based on Earley was improper where "'it is the dangerous condition of an object which must be open and obvious, not simply the object itself.'" Id. (quoting Kloster Cruise Ltd. v. Grubbs, 762 So. 2d 552, 555 (Fla. 3d DCA 2000)). The Third District also noted that, although a property owner may comply with the duty to warn of an open and obvious condition, this "does not **necessarily** mean the landowner has satisfied the duty to maintain the premises in a reasonably safe condition[.]" (Emphasis added.) Id. at 864. Obviously, in some cases, a property owner may in

fact comply with both duties when an open and obvious condition does not trigger a duty to warn and the condition itself does not violate a property owner's duty to maintain the premises in a reasonably safe condition. We hold here that Appellees did not violate any legal duty to Appellant, who observed the condition but was injured by failing to use due care for his own safety, when a reasonable person could have easily avoided the obstacle and thereby prevented injury.

Here, Appellant **admitted** that he saw the empty pallet when he exited the store and took four more steps before tripping over it. The surveillance video footage conclusively refutes Appellant's allegation that he tripped over the prongs, as he tripped over the pallet itself, but we note that the trial court found Appellant's claim regarding the prongs to be immaterial, and we agree with the trial court, which ruled "the [Appellant] changed course and walked so as to avoid the [pallet] on three other occasions during the surveillance video, twice prior to his fall and once again a few minutes afterward. The Court concludes that no **genuine** issue of fact exists regarding whether the condition causing [Appellant's] fall was open and obvious." (Emphasis added.)

Therefore, the facts are sufficiently crystallized here so that the issue on appeal is purely a question of law: Did Appellees violate either a duty to warn of a dangerous condition or a duty to maintain the premises in a reasonably safe condition, when Appellant previously observed an open and obvious condition, not

5

inherently dangerous, and walked into the object causing his own injury.

First, we hold that Appellees owed no duty to warn Appellant of the open and obvious condition, because Appellees' knowledge of the condition was not "superior" to Appellant's. Hunt v. Slippery Dip of Jacksonville, Inc., 453 So. 2d 139, 139 (Fla. 1st DCA 1984) (holding that "defendant's knowledge of a danger must be superior to that of a business invitee . . . to create a duty on the part of the defendant to warn."); see also McAllister v. Robbins, 542 So. 2d 470, 470 (Fla. 1st DCA 1989) (affirming summary judgment where there was "no question of duty to warn, since plaintiff's knowledge was equal with that of the defendants"); Ball v. Ates, 369 So. 2d 1023 (Fla. 1st DCA 1979) (citing Vt. Mut. Ins. Co. v. Conway, 358 So. 2d 123, 124 (Fla. 1st DCA 1978), and affirming grant of directed verdict for defendant, stating "rule is that a defendant's knowledge of danger must be superior to that of a business invitee in order to create a duty to warn of dangers unknown to the plaintiff."). Appellant knew the location of the pallet, having seen it twice earlier, before the accident. Thus, Appellees had no greater knowledge of the condition than Appellant, and therefore, had no duty to warn Appellant of its presence.

Second, we must address whether Appellees breached their duty to exercise ordinary care in maintaining the walkway in a reasonably safe condition for its intended use. Denson v. SM-Planters Walk Apartments, 183 So. 3d 1048, 1050-51

6

(Fla. 1st DCA 2015). In <u>Denson,</u> this court acknowledged that a landowner has two distinct duties to business invitees: the duty to warn of latent, dangerous conditions, and the duty to maintain the premises in a reasonably safe condition. <u>Id.</u> In <u>Dampier v. Morgan Tire & Auto, LLC,</u> as discussed in <u>Denson</u>, the Fifth District discussed the applicable legal principles:

> Nonetheless, some conditions are so obvious **and not inherently dangerous** that they can be said, as a matter of law, not to constitute a dangerous condition, and will not give rise to liability due to the failure to maintain the premises in a reasonably safe condition. <u>See,</u> e.g., <u>Schoen v. Gilbert</u>, 436 So. 2d 75 (Fla. 1983) (holding difference in floor levels is not inherently dangerous condition, even in dim lighting, so as to constitute failure to use due care for safety of person invited to premises). Other conditions are dangerous, but are **so open and obvious that an invitee may be reasonably expected to discover them and to protect himself**. <u>See, e.g., Ashcroft v. Calder Race Course, Inc.</u>, 492 So. 2d 1309, 1311 (Fla. 1986). The rule applied in these circumstances is to absolve the landowner of liability unless the landowner should anticipate or foresee harm from the dangerous condition despite such knowledge or obviousness. <u>Id.</u>; <u>Etheredge v. Walt Disney World Co.</u>, 999 So. 2d 669, 672 (Fla. 5th DCA 2008); <u>Aguiar v. Walt Disney World Hospitality</u>, 920 So. 2d 1233, 1234 (Fla. 5th DCA 2006).

82 So. 3d 204, 206 (Fla. 5th DCA 2012) (emphasis added). Thus, there are two types of obvious conditions that will not constitute a breach of a duty to maintain premises in a reasonably safe condition, to wit: 1) where the condition is so "open and obvious and not inherently dangerous"; **or** 2) where the condition may be dangerous, but is "so open and obvious that an invitee may be reasonably expected to discover them to protect himself." <u>Id.</u> Thus, while many decisions speak of the

7

duty to warn and the duty to maintain premises in a reasonably safe condition as separate and distinct duties, for analytical purposes the duties are not mutually exclusive, as the open and obvious nature of a condition may preclude a finding of a breach of either duty, as a matter of law.

In <u>Denson</u>, this court reversed summary judgment because material facts remained in dispute as to whether the landowner properly mixed a non-skid additive to outdoor-concrete paint. 183 So. 3d at 1051-52. But here, we hold that under these facts, Appellees did not breach their duty to exercise ordinary care to maintain the premises in a reasonably safe condition, for either of two reasons: first, that the condition so open and obvious and not inherently dangerous, or second, assuming *arguendo* that the pallet's location was dangerous, it was so open and obvious, and previously observed by Appellant, that Appellees could reasonably expect Appellant to protect himself from the purported danger.

Addressing the first possible reason in determining whether Appellees are absolved of any liability of their duty to maintain the premises in a reasonably safe condition, we hold that the pallet's location was open and obvious and not inherently dangerous. There are times when conditions are so common, or so innocuous in our everyday life, that they do not impose liability on the landowner. <u>Circle K Convenience Stores, Inc. v. Ferguson</u>, 556 So. 2d 1207, 1208 (Fla. 5th DCA 1990) (holding that condition was "so open and obvious, so common and so

8

ordinarily innocuous" that it was not dangerous as a matter of law where plaintiff tripped over joint in gas station parking lot where concrete met asphalt); Aventura Mall Venture v. Olson, 561 So. 2d 319, 321 (Fla. 3d DCA 1990) (agreeing with Fifth District's holding in Ferguson and affirming summary judgment on same grounds when plaintiff tripped over sidewalk curb); Ramsey, 124 So. 3d at 419 (affirming summary judgment where plaintiff tripped over wheel stop in center of parking space that complied with ADA regulations).

In McAllister, the plaintiff hurt his foot "when he caught his heel on one of a number of concrete blocks marking the property line of the Wisteria Bar." 542 So. 2d at 470. The plaintiff acknowledged that "he knew the line of blocks existed before the accident" and on the night of the accident "he saw the blocks and 'was trying to step over the blocks' when his heel caught." Id. This court affirmed the grant of summary judgment, discussing in detail the applicable legal principles, noting that the plaintiff "saw and knew about the blocks **at the time of the accident,** and there was no question of duty to warn, since plaintiff's knowledge was equal with that of the defendants." Id. at 471 (emphasis in original). While the court noted that the blocks were present for 17 years and no one had previously injured themselves, the court focused primarily on the fact that the plaintiff had seen the blocks before he injured himself. Further, this court emphasized that "a person is not required to take measures to avoid a danger which the circumstances

9

as known to him do not suggest as likely to happen. Previous decisions have held that protruding, uneven bricks bordering a tree did not constitute a dangerous condition . . . even though the area . . . was one in which young children played." Id. (citation omitted). Thus, McAllister provides authority for our holding here.

In Miranda v. Home Depot U.S.A., Inc., the plaintiff, in attempting to reach a planter on a display shelf which was blocked by a ladder, "projected her head and shoulders and upper torso through the ladder," and after standing up, hit a cross bar on the ladder and injured her right eye, leading to her suit against Home Depot. 604 So. 2d 1237, 1238 (Fla. 3d DCA 1992). In moving for summary judgment, Home Depot argued that "there was no breach of reasonable care and that the presence of the ladder was open and obvious, making Miranda's conduct the **sole proximate cause** of the accident." Id. (emphasis added). The Third District affirmed the trial court's grant of summary final judgment. Id. The Third District noted Miranda's argument that "ladders on the store's selling floor represent an unreasonable risk of harm to customers and thus the relative negligence of the parties . . . creates a question of fact precluding summary judgment." Id. The court rejected this argument, distinguishing Nichols v. Home Depot, Inc., 541 So. 2d 639 (Fla. 3d DCA 1989), where a patron climbed a ladder in the store and fell off the ladder, noting that in Nichols, the court recognized a duty based on the "foreseeable risk of harm . . . that 'customers, inexperienced in scaling ladders and

10

unknowledgeable about the weights of items in the overhead areas'" would potentially harm themselves by attempting to use the ladders when store assistance was not available. Miranda, 604 So. 2d at 1238. But the court, relying on Stahl v. Metropolitan Dade County, 438 So. 2d 14 (Fla. 3d DCA 1983), reiterated that only those injuries "'**such as ordinarily and naturally should have been regarded as a probable, not a mere possible, result of the negligent act**'" are entitled to compensation based on a violation of a legally-imposed duty to maintain the premises in a safe condition. Id. (emphasis in original).

This is closely comparable to the facts here: Appellant's action of walking right into the pallet, not an inherently dangerous condition and one that he had previously and contemporaneously observed twice before, was the sole proximate cause of his injuries. It is neither "probable nor foreseeable" that someone seeing a pallet on the ground, and having passed by it twice before, would fail to avoid the open and obvious condition. The standard must be based on an objective evaluation, understanding that every case will involve an accident, which cannot by itself mandate that summary judgment never be granted in cases involving open and obvious conditions.

We would also hold here that even if the pallet's location was inherently dangerous, which it was not, that summary judgment was properly granted, because Appellant saw the allegedly dangerous condition, which was so open and

11

obvious, that he could be "'reasonably expected to discover [the pallet] and to protect himself.'" Denson, 183 So. 3d at 1051 (quoting Dampier, 82 So. 3d at 206). As we discussed above, the Florida Supreme Court held that a "proprietor has a right to assume that the invitee will perceive that which would be obvious to him upon the ordinary use of his own senses." Earley, 61 So. 2d at 478. Here, this is precisely the case, as Appellant saw the purportedly dangerous condition but failed in the "ordinary use of his own senses" to avoid the observed condition.

To reverse the summary judgment here would make business owners universal insurers. Business owners receive shipments of products every day, which must be stored somewhere before final placement, and if a customer **sees the placement of the products** but trips and falls over them, the customer, or invitee, has violated his own duty to exercise reasonable care for his own safety. Here, as the trial court stated in its order granting summary judgment, one of the Appellees was delivering merchandise to the other Appellee, "a practice that is necessary in everyday life in our society. . . . The condition in this case was a large pallet . . . that invitees walked by rather than walking into, as [Appellant] unfortunately did on his third of four exits from the store. The Court concludes that the condition in this case was not inherently dangerous." We agree.

And we do not think that Owens v. Publix Supermarkets, Inc., 802 So. 2d 315 (Fla. 2001), requires us to reverse, because there, an injured party slipped on a

12

piece of discolored banana on the floor that was unseen by the plaintiff. The supreme court noted that "[t]he existence of a transitory foreign substance on the floor is not a safe condition." Id. at 330. The court went on to hold that

> the existence of a foreign substance on the floor of a business premises that causes a customer to fall and be injured is not a safe condition and the existence of that unsafe condition creates a rebuttable presumption that the premises owner did not maintain the premises in a reasonably safe condition.

Id. at 331. A pallet used for unloading goods is not a "foreign substance," but a legitimate aspect of a retail-business economy. Furthermore, the Owens court did not overrule its earlier announced principle in Earley, and that court has long held that other courts are not to assume that the supreme court overrules itself *sub silentio*. Arsali v. Chase Home Fin. LLC, 121 So. 3d 511, 516 (Fla. 2013) ("[W]e did not intentionally overrule our previous decision . . . *sub silentio*, because this Court does not engage in such practices."); Puryear v. State, 810 So. 2d 901, 905-06 (Fla. 2002) ("We take this opportunity to expressly state that this Court does not intentionally overrule itself *sub silentio*.").

We also think our decision in Lomack v. Mowrey, 14 So. 3d 1090, 1092 (Fla. 1st DCA 2009), is not to the contrary, as the exposed and "loose wires" there created a hazard, and it was not clear from our decision whether the landowner in Mowrey complied with the duty to warn the plaintiff of the hazard. Id. We think

13

the hazard in <u>Mowrey</u> is qualitatively different than the temporary placement of a pallet outside a store's exit.

The ultimate question is "whether the owner or possessor should have anticipated that the dangerous condition would cause injury despite the fact that it was open and obvious." <u>Moultrie v. Consolidated Stores Int'l Corp.</u>, 764 So. 2d 637, 640 (Fla. 1st DCA 2000). In <u>Moultrie</u>, this court properly reversed summary judgment where, unlike here, the invitee did not see the empty pallet left unmarked in the store aisle, and she fell over the pallet while looking upward in another direction and backing up, tripping over the pallet. Thus, "the height of the pallet was such that it might not fall within the line of vision of adult invitees who entered . . . to purchase items placed on counters and shelves." <u>Id.</u> at 639-640. This court concluded by holding that the case "does not present a condition which was so open and obvious and ordinary that it could be held as a matter of law that the pallet did not constitute a foreseeable risk of harm to individuals . . . ." <u>Id.</u> Here, Appellant actually observed the pallet's location; thus, even assuming the pallet created a dangerous condition, Appellant had a duty to avoid the previously observed pallet, which he did twice before he fell.

In another example, in <u>Burton v. MDC PGA Plaza Corp.</u>, 78 So. 3d 732 (Fla. 4th DCA 2012), the Fourth District reversed summary judgment where the plaintiff stepped in a pothole on the defendant's property. Although the plaintiff

14

was aware of the "glaringly" open and obvious hazard, and had "'knowledge equal to or superior to that of the landowner,'" the court correctly noted that a "pothole is not a natural condition, nor does it create a reasonable risk of harm. A pothole forms when a landowner fails to maintain the property . . . ." Id. at 733, 735. Thus, "the defendants' duty to maintain the premises in a reasonably safe condition was not discharged by the plaintiff's knowledge of the pothole before she fell." Id. at 735.

But the court in Burton also acknowledged the decision in Arnoul v. Busch Entertainment Corp., 2008 WL 4525106 *3-4 (M.D. Fla. Oct. 6, 2008), where the Middle District granted summary judgment where the plaintiff's injuries were caused by his own "failure to take precautions." In Arnoul, the court relied on this court's decision in McAllister for the proposition that that "'some injury-causing conditions are so open and obvious that they can be held as a matter of law not to give rise to liability as dangerous conditions.'" Id. at *2 (quoting Taylor v. Universal City Prop. Mgmt., 779 So. 2d 621, 622 (Fla. 5th DCA 2001) and citing McAllister and Crawford v. Miller, 542 So. 2d 1050, 1051 (Fla. 3d DCA 1989), for the proposition that "where a plaintiff had knowledge of a protrusion onto a walkway, the premises was not in an unreasonably dangerous condition, since the plaintiff's injuries could have been avoided by her taking due care to avoid them"). The Arnoul court noted that the landowner must protect business invitees from

15

potential dangers by "repairing broken stairway handrails, removing slippery substances on stairways, and lighting dark objects that may be hard to see at nighttime, for example." Id. (footnotes omitted). None of those hazards were present here. But where the condition at issue is open and obvious, it is

> only when a landowner should anticipate that people will choose to negotiate obvious hazards and thereby injure themselves, despite their awareness of the danger, is the landowner responsible for injury resulting from an obvious condition. Such anticipation should occur, for example, when avoiding the hazard would be **impossible or highly inconvenient.**

Id. (emphasis added) (citation omitted). Thus, the corollary proposition is true as well:

> If the obviousness of the condition would lead a **reasonable person** to believe that the danger will be avoided, the condition is not unreasonably dangerous, and the landowner is not liable. . . . So, merely being on another's property when injured by such conditions does not automatically allow a person to shift the fault for accidents caused by his own negligence.

Id. at *3 (emphasis added). Or as stated in Crawford, "The mere occurrence of an accident does not, without more, give rise to an inference of negligence." 542 So. 2d at 1051. We concur with this correct legal and logical analysis, which aligns with our analysis and holding in McAllister.

To reverse the summary judgment here would make all landowners subject to a jury trial when a business invitee, by his own negligence, unnecessarily trips on an open and obvious condition, of which he is aware, when no reasonable

16

person would injure himself by such negligence. The facts of <u>Arnoul</u> are closely similar with the facts here: Despite seeing the branch over a busy sidewalk at Busch Gardens, Arnoul argued that he was distracted by his granddaughter and the "amount of pedestrian activity and the flashy displays and award-winning landscaping [all] designed to lure pedestrians' eyes away from the path in front of them [and] make it likely that pedestrians [would] not notice the branch and [would] walk into it . . . ." <u>Arnoul</u>, 2008 WL 4525106 at 3. Here, Appellant's argument is that, although he knew of the pallet on the ground several feet in front of the exit door, he was distracted while carrying empty boxes and tripped over it. Like here, the <u>Arnoul</u> court rejected the plaintiff's argument for two reasons: First, the plaintiff knew of the branch over the walkway, and second, to hold the property owner liable for breach of a duty to maintain reasonably safe premises in such a scenario would mean adopting a universal rule finding premises liability in all cases, as there are "no premises safe enough to entirely foreclose the risk that a guest might injure himself during an inattentive moment." <u>Id.</u>

It would defy common sense and any valid notion of a rational allocation of risk in everyday life to make all businesses everywhere liable for unreasonable inattentiveness of invitees. As concisely noted by the <u>Arnoul</u> court, this court too "is not prepared to dispense with the duty of care owed to one's self, the exercise of which others are entitled to depend upon." <u>Id.</u>

A premises owner operating a lawful business benefits society, and part of the burden of a viable commercial enterprise often requires the receipt and stocking of goods and products. The law provides protection to premises owners from unjustified and costly litigation, when any **reasonably attentive** invitee who saw an open and obvious condition – such as a pallet partially blocking a walkway – would act in his or her own interest in personal safety, and by the use of ordinary common sense, avoid the observed transitory item. <u>Arnoul</u>, 2008 WL 4525106 at *4; <u>Earley</u>, 61 So. 2d at 478; <u>Ramsey</u>, 124 So. 3d at 417; <u>McAllister</u>, 542 So. 2d at 470; <u>Ferguson</u>, 556 So. 2d at 1208. Appellees were under no duty to warn Appellant of the open and obvious pallet, where Appellant's knowledge of the pallet was equal to or superior to Appellees' knowledge. Furthermore, Appellees did not fail to maintain the premises in a safe condition where Appellant saw the pallet, which was not inherently dangerous, or if considered dangerous, was readily avoidable, had Appellant engaged in the "ordinary use of his own senses." <u>Earley</u>, 61 So. 2d at 478. The legal duty of premises owners owed to business invitees is based on logic, common sense, and human experience, and in this case the trial court correctly granted summary judgment, because Appellees did not breach any duty owed to Appellant, as a matter of law.

Contrary to the dissenting opinion, we plainly do not hold that Appellees owed Appellant no duty to maintain their premises in a reasonably safe condition.

18

Rather, we follow precedent to hold that Appellees complied with their duty to maintain the premises in a reasonably safe condition by exercising ordinary care in accepting delivery of an inventory shipment which, as the trial court correctly noted, is an ordinary feature of everyday life. Appellees could not reasonably have anticipated that Appellant would trip over the pallet he had previously observed and safely walked around twice before the accident.

AFFIRMED.

OSTERHAUS, J., CONCURS; BILBREY, J., CONCURRING IN PART AND DISSENTING IN PART.

BILBREY, J., concurring in part and dissenting in part.

As the majority opinion correctly notes, a business owner owes two "separate and distinct" duties to business invitees. (Maj. Op. 3-4). See also Grimes v. Family Dollar Stores of Florida, Inc., 194 So. 3d 424 (Fla. 3d DCA 2016). I agree that the presence of the pallets and pallet jack was open and obvious such that there was no duty to warn, since they were not inherently dangerous. See Upton v. Rouse's Enterprise, LLC, 186 So. 3d 1195, 1202 (La. Ct. App. 2016) (explaining "a pallet does not inherently pose an unreasonable risk of harm."). I therefore agree that summary judgment was appropriately granted as to the Appellees' duty to warn Appellant of objects he already knew or should have known about. However, I believe questions of fact should have precluded entry of summary judgment on the issue of whether Appellees used "ordinary care to maintain [the] premises in a reasonably safe condition," when a full pallet, empty pallet, and pallet jack were positioned in close proximity to the only means of entering and existing the premises and in the pathway to the parking lot.[1] See Rocamonde v. Marshalls of Ma, Inc., 56 So. 3d 863, 865 (Fla. 3d DCA 2011); see also Lynch v. Brown, 489 So. 2d 65, 67 (Fla. 1st DCA 1986) (holding "a plaintiff's knowledge of a dangerous condition does not negate a defendant's potential

[1] Appellant tripped over the empty pallet or tips of the pallet jack while exiting the premises for a third time, this time with an armful of boxes which obstructed his vision.

20

liability for negligently permitting the dangerous condition to exist; it simply raises the issue of comparative negligence and precludes summary judgment."). I would therefore reverse the grant of summary judgment as to the Appellee's duty to maintain the premises in a reasonably safe condition and remand the case to the trial court for further proceedings.[2]

Here, the Appellees' motions for summary judgment recognized that there were two separate duties alleged and therefore two issues for the trial court's consideration. The trial court's order granting summary judgment also recognized the two duties and thoroughly analyzed the duty to warn, Appellant's knowledge of the hazard, and the fact that the pallets and jack were not inherently dangerous. But the trial court's order did not explain why the Appellees did not owe Appellant a duty to maintain the premises in a reasonably safe condition. We are left with a review of the record to determine as a matter of law whether no material issues of fact exist such that summary judgment was appropriate as to Appellees' duty to maintain the premises. See Fla. R. Civ. P. 1.510; Lomack v. Mowrey, 14 So. 3d 1090 (Fla. 1st DCA 2009).

In opposition to the motions for summary judgment, Appellant submitted the affidavit of Jeremy Cummings, Ph.D., as expert opinion in the areas of human

---

[2] Appellant would still need to prove that Appellees "had actual or constructive notice of the dangerous condition." Grimes, 194 So. 3d at 427 (citing Schaap v. Publix Supermarkets, Inc., 579 So. 2d 831, 834 (Fla. 1st DCA 1991)).

factors, biomechanics, and biomedicine. Dr. Cummings' affidavit stated that the pallet was not in a reasonably safe location and that it was reasonable to anticipate that Appellant's attention could have been diverted when Appellant tripped. Deposition testimony of Appellees' employees showed that the pallets were placed as they were so that the beer on the pallets could be monitored to prevent theft. Appellant contended that a safer location for the pallets would have been next to the entry door against the wall of the premises.

In the past, this court has looked to the Restatement (Second) of Torts section 343A in analyzing legal principles of premises liability. Lynch, 489 So. 2d at 66; Ahl v. Stone Southwest, Inc., 666 So. 2d 922 (Fla. 1st DCA 1995); Moultrie v. Consol. Stores Int'l Corp., 764 So. 2d 637 (Fla. 1st DCA 2000). Subsection (1) of section 343A states, "A possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness." Comment f to this subsection states:

> There are, however, cases in which the possessor of land can and should anticipate that the dangerous condition will cause physical harm to the invitee notwithstanding its known or obvious danger. In such cases the possessor is not relieved of the duty of reasonable care which he owes to the invitee for his protection. This duty may require him to warn the invitee, or to take other reasonable steps to protect him, against the known or obvious condition or activity, if the possessor has reason to expect that the invitee will nevertheless suffer physical harm.
>
> Such reason to expect harm to the visitor from known or

22

obvious dangers may arise, for example, where the possessor has reason to expect that the invitee's attention may be distracted, so that he will not discover what is obvious, or will forget what he has discovered, or fail to protect himself against it. Such reason may also arise where the possessor has reason to expect that the invitee will proceed to encounter the known or obvious danger because to a reasonable man in his position the advantages of doing so would outweigh the apparent risk. In such cases the fact that the danger is known, or is obvious, is important in determining whether the invitee is to be charged with contributory negligence, or assumption of risk. . . . It is not, however, conclusive in determining the duty of the possessor, or whether he has acted reasonably under the circumstances.

The Restatement comments are consistent with Florida law that even when there is an open and obvious hazard, "liability can still attach when the landowner or possessor should have anticipated the possibility of injury resulting from the hazard." Cook v. Bay Area Renaissance Festival of Largo, Inc., 164 So. 3d 120, 123 (Fla. 2d DCA 2015). In Cook, the court reversed a grant of summary judgment where the plaintiff had tripped over an obvious pipe in a walkway. Id. The court in Cook noted "while injuries caused by a condition that is not 'dangerous' do not give rise to liability due to failure to maintain the premises in a reasonably safe condition . . . whether the exposed pipe was a 'dangerous condition' in the context of foreseeability is a question to be answered by the jury." Id. (citations omitted). Applying Cook and the various cases it cites, the determination here of whether the pallets and pallet jack were a "dangerous condition" such that Appellees should have anticipated the possibility of

23

Appellant's injury is a question of fact for the jury.

I believe the situation here is similar to other cases where a material issue of fact as to the possessor of the premises' duty to maintain the premises remained when a customer tripped on an open and obvious object. See De Cruz-Haymer v. Festival Food Market, Inc., 117 So. 3d 885 (Fla. 4th DCA 2013) (open and obvious rumbled door mat); Skala v. Lyon Heritage Corp., 127 So. 3d 814 (Fla. 2d DCA 2013) (obvious construction debris); Burton v. MDC PGA Plaza Corp., 78 So. 3d 732 (Fla. 4th DCA 2012) (pothole known to plaintiff); Taylor v. Tolbert Enters. Inc., 439 So. 2d 991 (Fla. 1st DCA 1983) (sand and water accumulated on steps and walkway known to plaintiff). In all of these cases summary judgment was reversed because material issues of fact remained regarding the possessor's duty to maintain the premises in a reasonably safe condition.

The majority attempts to distinguish our decision in Lomack, but I respectfully fail see to how it differs. Like here, the trial court's order in Lomack was "grounded on a finding that appellees had no duty to warn" but did not analyze the duty to maintain the premises. 14 So. 3d at 1092. We reversed the summary judgment for the landowners in Lomack noting that "an invitee's knowledge of a danger is normally not a complete bar to recovery, but rather triggers the application of comparative negligence principles." Id. I fail to see how the exposed computer cable in an office which the appellant in Lomack had traversed

24

at least a hundred times would implicate a duty to maintain a premises but pallets temporarily placed adjacent to the entry and exit of a premises, and between the premises and its parking lot, do not.

I do not believe that Appellees have carried their burden to show no disputed issues of material fact remain for summary judgment on the issue of their duty to maintain the premises. For the above reasons, I respectfully dissent from the portion of the majority opinion which holds Appellees had no duty to maintain the premises. I would remand the case back to the trial court for further proceedings.