# Third District Court of Appeal

## State of Florida

Opinion filed June 1, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D20-1734
Lower Tribunal No. 18-42369
_____

**Aldo Gabriel Amenta Pozanco,**
Appellant,

vs.

**FJB 6501, Inc.,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Reemberto Diaz, Judge.

Wald, Gonzalez & Graff, P.A., and Estrella F. Gonzalez; Harris Appeals, P.A., and Andrew A. Harris and Grace Mackey Streicher (Palm Beach Gardens), for appellant.

Campbell, Conroy & O'Neil, P.C., and P. Brandon Perkins (Plantation), for appellee.

Before EMAS, MILLER and BOKOR, JJ.

BOKOR, J.

Aldo Pozanco appeals a grant of summary judgment in favor of the defendant homeowner in a claim for negligence based on injuries sustained by diving into a private residential swimming pool. Pozanco alleges that the trial court erred by concluding as a matter of law that the owner of the pool owed no duty of care to warn of a dangerous condition because the pool constituted an open and obvious danger. Under the specific combination of circumstances present here, we conclude that summary judgment was improper due to a triable issue of fact as to whether the pool and pool area created a hidden danger or trap that could give rise to a duty of care on the part of the landowner.

**FACTS**

The underlying injury occurred while Pozanco was visiting a friend, Tito Rodriguez, who had been house-sitting for the defendant. Late one evening, Rodriguez invited Pozanco and some others over to the defendant's house for a party. After several hours of drinking alcohol on the pool deck, Rodriguez encouraged Pozanco to use the defendant's pool. While Pozanco initially hesitated, he eventually agreed to go in the pool after Rodriguez provided him with a swimsuit. After changing, Pozanco proceeded to dive head-first into what he assumed was the deep end of the pool. Unfortunately, his assumption was incorrect; the pool was only three feet

2

deep at both ends, and five feet in the middle. Pozanco ultimately hit his head on the bottom of the pool and sustained permanent injuries.

Pozanco sued the landowner for negligence and vicarious liability, alleging that the unconventional design of the pool, in combination with attendant circumstances described below, created a duty to warn invitees that the pool was shallow at the ends and that diving was unsafe. The complaint asserted several supporting facts contributing to the alleged negligence. Specifically, Pozanco claimed that: (1) the design of the pool was unreasonably dangerous because swimming pools typically have a shallow end on one side and a deep end on the other; (2) Rodriguez unreasonably enticed him to swim by inviting him to the party and providing him with alcohol and a swimsuit; (3) Pozanco was unable to properly gauge the depth of the pool due to poor lighting on the pool deck at night and a lack of warning signs; and (4) his view of one of the two set of steps on either end of the pool was obstructed by the placement of four large planters at the corners of the pool, leading him to assume from prior experience that because he could see only one set of steps, and because pool steps are typically located in the shallow end, the opposite side must be the deep end. In response, the defendant argued that homeowners typically owe no duty to protect invitees against dangers inherent in the use of a swimming pool

3

and that the pool constituted an open and obvious danger that Pozanco could have easily discovered before diving. The trial court agreed and granted summary judgment. This appeal followed.

## STANDARD OF REVIEW

Under the standard applicable to this case,[1] we review a grant of summary judgment *de novo* to determine whether there are any genuine issues of material fact and whether the moving party is entitled to prevail as a matter of law. See, e.g., Volusia County v. Aberdeen at Ormond Beach, L.P., 760 So. 2d 126, 130 (Fla. 2000). We are required to consider the evidence in the light most favorable to the non-moving party, and if the "slightest doubt" exists as to the propriety of the judgment, the summary judgment must be reversed. See, e.g., Gidwani v. Roberts, 248 So. 3d 203, 206 (Fla. 3d DCA 2018). Further, "[s]ummary judgments should be cautiously granted in negligence and malpractice suits." Moore v. Morris, 475 So. 2d 666, 668 (Fla. 1985).

---

[1] The standard of review for summary judgments in Florida has since changed to mirror the federal standard articulated in Celotex Corp. v. Catrett, 477 U.S. 317 (1986), with respect to judgments rendered after May 1, 2021. See In re Amends. to Fla. Rule of Civ. Pro. 1.510, 317 So.3d 72 (Fla. 2021); In re Amends. to Fla. Rule of Civ. Pro. 1.510, 309 So. 3d 192, 195 (Fla. 2020). However, as the judgment at issue here was rendered before May 1, 2021, we instead apply the then-existing prior standard.

To be entitled to summary judgment, the moving party "must show conclusively the absence of any genuine issue of material fact." Id. The movant must "establish *irrefutably* that the nonmoving party *cannot* prevail were a trial to be held."[2] Gidwani, 248 So. 3d at 207 (quoting Redland Ins. Co. v. Cem Site Constructors, Inc., 86 So. 3d 1259, 1261 (Fla. 2d DCA 2012)). An issue of fact is "genuine" for summary judgment purposes if it could allow a jury to return a verdict in favor of the non-moving party, and an issue of fact is "material" if it could have any bearing on the outcome of the case under the applicable law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248–49 (1986). "If the evidence raises any issue of material fact, if it is conflicting, if it will permit different reasonable inferences, or if it tends to prove the issues, it should be submitted to the jury as a question of fact to be determined by it." Moore, 475 So. 2d at 668.

---

[2] As the previous summary judgment standard (applicable at the time of the hearing) required a movant to "prove a negative," it resulted in a higher burden on the movant than required under the now-adopted federal standard. See In re Amends., 317 So. 3d at 75 ("Second, those applying new rule 1.510 must recognize that a moving party that does not bear the burden of persuasion at trial can obtain summary judgment without disproving the nonmovant's case."); In re Amends., 309 So. 3d at 193 ("By contrast, the Supreme Court has held that there is 'no express or implied requirement in Rule 56 that the moving party support its motion with affidavits or other similar materials negating the opponent's claim.' Celotex, 477 U.S. at 323, 106 S.Ct. 2548."). By this opinion, we examine the existing record and apply the former summary judgment standard.

# ANALYSIS

"To maintain an action for negligence, a plaintiff must establish that the defendant owed a duty, that the defendant breached that duty, and that this breach caused the plaintiff damages." Fla. Dep't of Corr. v. Abril, 969 So. 2d 201, 204 (Fla. 2007). Such duty can arise from legislative enactments, common law, the specific circumstances of the case, or "whenever a human endeavor creates a generalized and foreseeable risk of harming others." McCain v. Fla. Power Corp., 593 So. 2d 500, 503 (Fla. 1992). The cornerstone of the duty element is foreseeability; "each defendant who creates a risk is required to exercise prudent foresight whenever others may be injured as a result." Id. ("This requirement of reasonable, general foresight is the core of the duty element.").

With respect to the liability of landowners for injuries caused to invitees by dangerous conditions on the property, the courts of this state have long recognized a two-pronged standard of care:

> Generally, a property owner or occupier owes two duties to an invitee: (1) the duty to use reasonable care in maintaining the property in a reasonably safe condition, and; (2) the duty to warn of latent or concealed dangers which are or should be known to the owner and which are unknown to the invitee and cannot be discovered through the exercise of due care.

Grimes v. Family Dollar Stores of Fla., 194 So. 3d 424, 427 (Fla. 3d DCA 2016). These two duties are distinct from one another, and compliance with

6

one does not necessarily mean that the landowner has complied with the other.  Rocamonde v. Marshalls of Ma, Inc., 56 So. 3d 863, 865 (Fla. 3d DCA 2011).

However, "some conditions are so obvious and not inherently dangerous that they can be said, as a matter of law, not to constitute a dangerous condition, and will not give rise to liability."  Dampier v. Morgan Tire & Auto., LLC, 82 So. 3d 204, 206 (Fla. 5th DCA 2012).  Pursuant to this "open and obvious" doctrine, "[a] possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness."  Ashcroft v. Calder Race Course, Inc., 492 So. 2d 1309, 1312 (Fla. 1986) (emphasis and citation omitted); see also Brookie v. Winn-Dixie Stores, Inc., 213 So. 3d 1129, 1133 (Fla. 1st DCA 2017) (describing the "two types of obvious conditions that will not constitute a breach of a duty," including: (1) where the condition is obvious and not inherently dangerous, and (2) where the condition may be dangerous, but is "so open and obvious that an invitee may reasonably be expected to discover them to protect himself").  "The rule applied in these circumstances is to absolve the landowner of liability unless the landowner should anticipate or foresee harm from the dangerous

7

condition despite such knowledge or obviousness." Dampier 82 So. 3d at 206; see also Brookie, 213 So. 3d at 1133 (noting that "for analytical purposes," the two prongs of landowner duty "are not mutually exclusive, as the open and obvious nature of a condition may preclude a finding of a breach of either duty, as a matter of law").

However, even if a dangerous condition is open and obvious, landowners may still be found to have a duty of care where some uncommon design or aspect of the condition creates a "hidden danger," a "trap," or an "optical illusion" not reasonably discoverable by an ordinarily prudent invitee. See Echevarria v. Lennar Homes, LLC, 306 So. 3d 327, 330 (Fla. 3d DCA 2020) (reversing grant of summary judgment against plaintiff injured by tripping on transition between porch and walkway that blended together to create "optical illusion," because genuine issue of material fact existed as to whether porch design complied with building codes and whether such failure "concealed the step's presence" from the perspective of the plaintiff); Bejarano v. City of Coral Gables, 300 So. 3d 712, 714 (Fla. 3d DCA 2019) (reversing grant of summary judgment against plaintiff alleging that negligent placement of palm trees at intersection caused traffic accident by obstructing plaintiff's view). In such cases, if we are unable to conclude as a matter of law that the open and obvious doctrine precludes recovery, factual questions

8

of the dangerousness and foreseeability of the condition remain for the finder of fact. See Lotto v. Point E. Two Condo. Corp., Inc., 702 So. 2d 1361, 1362 (Fla. 3d DCA 1997) (reversing summary judgment against plaintiff injured by tripping on cracked and uneven sidewalk at condominium complex; unresolved factual issue existed as to whether condominium association should have foreseen that residents would use the sidewalk and be injured "notwithstanding that the condition was obvious"); see also Krol v. City of Orlando, 778 So. 2d 490, 494 (Fla. 5th DCA 2001) (reversing summary judgment on obvious danger grounds against plaintiff injured by tripping on open storm drain that was partially obscured by sidewalk transition, as factual question existed as to plaintiff's ability to see drain beforehand); Collias in re Collias v. Gateway Acad. of Walton Cnty., Inc., 313 So. 3d 163, 168 (Fla. 1st DCA 2021) (reversing grant of summary judgment as to negligence claim based on student's injury caused by running into table during track event, as genuine issues of fact existed as to foreseeability of danger and reasonableness of school's placement of table and choice of event location).

Here, the defendant primarily relies on a line of cases in which this court held that the risks inherent in private bodies of water are typically obvious to a reasonable person, such that the landowner will not be liable

9

for injuries sustained from the use of those bodies of water unless they present some unusual condition amounting to a hidden danger. See Tremblay v. S. Fla. Water Mgmt. Dist., 560 So. 2d 1219, 1220 (Fla. 3d DCA 1990) ("[A] property owner generally cannot be held liable for dangerous conditions which exist in natural or artificial bodies of water unless they are so constructed as to constitute a trap or unless there is some unusual nature not generally existent in similar bodies of water." (quotation omitted)); see also Saga Bay Prop. Owners Ass'n v. Askew, 513 So. 2d 691, 693 (Fla. 3d DCA 1987) (same); Navarro v. Country Village Homeowners' Ass'n, 654 So. 2d 167, 168 (Fla. 3d DCA 1995) ("Under Florida law, the general rule is that the owner of an artificial body of water is not guilty of actionable negligence for drownings therein unless it is so constructed as to constitute a trap or unless there is some unusual element of danger lurking about it not existent in ponds generally." (quotation omitted)). Accordingly, the trial court concluded that because the danger was open and obvious, and because the defendant presented evidence that the design of the pool complied with the applicable building codes, the defendant could not owe Pozanco any duty of care with respect to the pool.

We agree that a residential pool typically presents certain obvious dangers easily discoverable by invitees. However, under the circumstances

10

present here, we find that the defendant hasn't conclusively rebutted Pozanco's theory that *this particular pool* was a hidden danger or trap giving rise to a duty of care on the part of the landowner. Here, Pozanco has asserted several attendant circumstances that allegedly prevented him from properly discerning the pool depth before diving in, including the unconventional design of the pool, the lack of lighting and signage, and the placement of the planters leading him to believe that the pool had a conventional deep end sufficient for diving. These facts distinguish this situation from comparable cases involving diving accidents in bodies of water with *readily discernable* depths. Cf. Clark v. Lumbermans Mut. Auto. Ins. Co., 465 So. 2d 552, 556 (Fla. 1st DCA 1985) (affirming summary judgment against plaintiff injured by diving into shallow river where "the evidence below is susceptible to no conclusion other than that [the plaintiff] had sufficient intelligence, experience, and knowledge to—and in fact did—both detect and appreciate the physical characteristics of the swimming place in question and the potential danger involved in attempting his shallow water dive"); Ryan v. Unity, Inc., 55 So. 2d 117, 118 (Fla. 1951) (affirming summary judgment against plaintiff injured by diving into partially-drained pool at night, as pool contained only two feet of water and "[e]ven a casual observation by

appellant would have disclosed that the pool did not contain sufficient water for swimming or diving").

Because a genuine issue of material fact exists as to whether the conditions and circumstances surrounding the pool could amount to the sort of hidden danger that would render Pozanco's injury foreseeable to the landowner or create a duty to warn under the circumstances present here, the trial court should have allowed the issue to go before a jury. We therefore reverse the grant of summary judgment in favor of the defendant and remand for further proceedings.

Reversed and remanded.